FREDERICK SCHULENBURG ET AL., Defendants in Error, *v.*
VALENTINE WERNER ET AL., Plaintiffs in Error.

### December 3, 1878.

1. Where the account filed as a mechanic's lien is otherwise specific and definite, the use of ordinary book-keeping abbreviations will not render it insufficient.

2. Where notice of a lien-claim is admitted to have been "served upon A., who at the time was the attorney of B. (the owner) for the purpose of attending to the liens upon the house in question," the service is sufficient. The words used express an agency.

3. Where the petition charges that the materials were used in a "two-story house," and evidence is introduced, without objection, that some items were for a shed and fence, the objection that no authority was shown in the contractor to order materials for the shed and fence cannot be taken by an instruction in the nature of a demurrer to the evidence. The contract having been admitted by the answer, the failure to object was a virtual admission that the contract covered the case.

4. The statutory provision that no delay shall be granted at the second term for the purpose of bringing in defendants not served, does not apply to mechanic's-lien cases, where a dismissal would be a bar to a recovery on the lien.

5. In an action on a mechanic's lien a personal judgment inadvertently rendered against the contractor, who was served by publication, will be corrected in the appellate court, where the error was not called to the attention of the trial court.

ERROR to St. Louis Circuit Court.

*Judgment for defendants in error.*

GOTTSCHALK, for plaintiffs in error : The account is insufficient. — *Lowis* v. *Cutter*, ante, p. 54. No delay can be granted for the purpose of bringing in other defendants not served. — Wag. Stats. 1007, sects. 4, 5 ; p. 1010, sects. 19, 20 ; *Ashburn* v. *Ayres*, 28 Mo. 75. The service of the notice was insufficient. — Wag. Stats. 911, sect. 19 ; *Brown* v. *Brown*, 2 Sneed, 431 ; *Masterson* v. *Le Claire*, 4 Minn. 163.

RUDOLPH SCHULENBURG, for defendants in error : The notice given was sufficient. — *Hassett* v. *Rush*, 64 Mo. 327 ; *Jarman* v. *Humphrey*, 36 Md. 361. The fence in question is subject to a mechanic's lien, as being an " erection " or " improvement " under our statute. — *Bailey* v. *Hull*, 11

Wis. 289 ; *Getchell* v. *Allen*, 34 Iowa, 561 ; *Lacrosse* v. *Vanderpool*, 11 Wis. 122.

Hayden, J., delivered the opinion of the court.

This is a suit to enforce a mechanic's lien for lumber furnished at the request of the defendant Werner, who was served by publication. The other defendant, Jones, the owner, answered, and admitted that he had a written contract with Werner for the construction of the house, but denied the other allegations of the petition. There was judgment for plaintiffs.

It was objected upon the trial that the account filed with the petition is insufficient in its description of the articles. Some of the items describe lumber, *e.g.*, " cedar," " oak." In others, there are abbreviations for white pine and yellow pine. In other items, so many pieces are stated, *e.g.*, " Oct. 29, 60 pcs. 18—2/10." With the exception that in certain items it is not expressly stated what these "pieces" refer to, the account appears to be specific and definite, the items being otherwise stated at length. We think that, taking the whole account together, it would require an effort at mental obtuseness not to see that the items refer to lumber, and that the descriptions are of that article of merchandise. In *Lowis* v. *Cutter*, *ante*, p. 54, the so-called account referred to another paper for items, and contained no details of work done or materials furnished.

It is objected that the notice of the lien-claim was not served on the owner or his agent. The law requires that notice shall be given " to the owner, owners, or agents, or either of them." Wag. Stats. 911, sect. 19. Here it was admitted that the notice was served " upon Nelson G. Edwards, who at that time was the attorney of L. F. Jones for the purpose of attending to the lien upon the house in question." This admission, we think, is broad enough to cover the case by fair inference. It is not said that Mr. Edwards was an attorney-at-law, nor is this implied, for no

suit is referred to, but the words indicate the matter of the liens themselves. An agency, in fact, seems to be expressed by these words; and as the statute directs that the notice shall be served on the owner or agent, and the matter of the agency is the matter here involved, we think this service was sufficient.

· The defendant demurred to plaintiffs' evidence, and now contends that the demurrer should have been sustained. It is said that the original contract between Jones and Werner was not produced, and that therefore it did not appear that there was any authority in Werner to order labor except for the house; that the petition charges all the items to have been used in a " two-story brick house," and the evidence showed that some items were for the shed and fence. But this objection could not be taken by an instruction in the nature of a demurrer to evidence. This point now made affects only the plaintiffs' right to recover for particular items; an objection should have been made to the testimony, or on the ground of variance between pleading and evidence. As it was, the testimony was admitted without objection, and nothing was said as to the absence of the written contract. It appeared that all the items were for the house itself, the shed, or the fence; and no discrimination was made or insisted on upon the trial. The contract itself having been admitted by the answer, the failure to object was a virtual admission that the contract covered the case.

There is nothing in the petition, nor was there in the evidence, to show that the land on which the lien was claimed is not one parcel or lot of land. The petition speaks of it as a lot or body of land by itself; and the mere fact that it is composed of what may have been once two lots, or one lot and a part of another lot, amounts to nothing.

The defendant alleges, in his answer, that before he had any information that the plaintiffs had a lien-claim, he had paid to subcontractors, laborers, and material-men, for labor and materials furnished for this building and used

upon it, under contract between himself and Werner, all of the money the defendant had agreed to pay by the contract with Werner. No evidence, however, was given to show such a state of facts. All that the bill of exceptions shows is that " the defendant Jones then offered evidence tending to show that he had paid to subcontractors and material-men *and Werner* more than the contract-price." This evidence afforded no basis of fact for any such instructions as the defendant asked ; nor need the court below have limited the first instruction for the plaintiff by adding the words, " unless the jury also find that the defendant Jones has paid to the subcontractors and laborers of defendant Werner more than the contract-price called for by the contract read in evidence." So far as the bill of exceptions shows, there was no evidence to justify this latter hypothesis, or to support the qualification contained in the second instruction ; and the defendant had no right to confuse amounts paid by him to Werner, the contractor, with amounts paid to subcontractors and laborers, and thus to obscure, before the jury, the real issues in the case.

Another objection is made, which relates, not to the merits, but to the action of the court below in granting a continuance. The record shows that summons for both of the defendants was issued on May 11, 1876 ; that service was had, in time for the June term, upon Jones, Werner not being found. On June 9th, an *alias* writ was issued for Werner. On October 2, 1876, this was returned not found. On October 30th, an affidavit being filed that Werner had absented himself from his usual place of abode, an order of publication issued. The case being called for trial on the 13th of November, 1876, the publication was still in process ; and the court continued the cause, against the objection of the defendant Jones, who on the same day filed a motion to dismiss the case on the ground that the term was the second term after the institution of the suit, and that the plaintiff had discontinued it as to the contractor, and could

not continue it as to the owner. Wag. Stats., sects. 19, 20. It appears from the record that the publication was not completed until the fourth day of December, 1876, and that on the 5th of that month the proof of publication was filed. The provisions of the statute are as follows : —

"Sect. 19. Where there are several defendants, some of whom do not appear, and are neither notified nor summoned, the plaintiff may proceed against those, if any, who do appear or are summoned or notified, and dismiss his petition as to the others ; or he may continue the cause until the next term and proceed to bring in the other defendants, by process or publication as the case may require.

"Sect. 20. But at such second term the suit shall proceed against all who shall have been served in due time ; and no further delay shall be allowed to bring in the others, unless all that appear shall consent to such delay."

We need not here dwell upon the inconsistency between these two sections, construed as the defendant would construe them, and sects. 13, 15, and 17 of the same article. Wag. Stats. 1008, 1009. Nor is it necessary to do more than remark, that where the statute says that "the suit shall proceed against all who have been served in due time," it contemplates a case where there has been service upon some defendants in regard to whom there can be a trial, not a case where the result would necessarily be a dismissal. Here the object of the action is to secure a lien, which is all there is in the action which is valuable. A dismissal would operate, not as intended by the statute, to secure parties in court a speedy trial, but as a permanent bar to all recovery,— a thing never intended by the statute, under which the plaintiff can pursue in another action even the defendants as to whom he dismisses.

These two sections provide merely in regard to continuances, and seem, from their subject-matter, to address themselves to the trial court. But if we suppose the trial court has committed an error, the defendant, who contends

that it has, does not point out any provision of the statute which applies to the error the penalty of the dismissal of the suit. The application is not for a new trial on this ground, nor did the action of the court below affect the defendant's rights upon the trial, or indeed at all, except to postpone the hearing. The defendant chose not to stand upon his rights and allow judgment to go, but after a trial and verdict against him, and upon appeal, asks this court to dismiss the suit, or to direct the court below to do so, because a continuance was granted. We know of no authority for doing this, even would such an act subserve the ends of justice.

The form of the judgment entered in the court below was erroneous. There should have been no personal judgment against Werner. Wag. Stats. 910, sect. 13. The entry seems to have been a mere inadvertence, which was not called to the attention of the trial court. It will be corrected and a proper judgment entered here in favor of the plaintiffs.

Other points are made by the plaintiffs in error, but they are too trivial to be dwelt upon. All the judges concur.