Mathews v. Heisler.

---

A. J. MATHEWS *et al.*, Respondents, v. FRANK HEISLER *et al.*; J. W. McCOLLUM, Appellant.

| 58 | 145 |
|----|-----|
| 96 | 2 77 |

St. Louis Court of Appeals, May 1, 1894.

1. **Practice, Appellate**: OBJECTION TO JURISDICTION OF TRIAL COURT. An appellant is not in a position to renew in this court his objection to the jurisdiction of the trial court, when the record contains recitals showing jurisdiction, and there is nothing therein to the contrary, excepting the allegations of his motion for the dismissal of the cause.

2. **Mechanics' Liens**: JURISDICTION. *Held*, in the course of discussion, that an action for the enforcement of a mechanic's lien is a proceeding *in rem*, and must be brought in a county in which the property sought to be charged is situated; also that, if the owner of the property resides and is served with process in that county, summons for the contractor issued to another county is proper.

*Appeal from the Stoddard Circuit Court.*—HON. JOHN G. WEAR, Judge.

AFFIRMED.

*J. L. Fort* and *Gillespie & Mozley* for appellant.

*J. J. Russell* for respondent.

ROMBAUER, P. J.—The only question attempted to be raised by this appeal is one of jurisdiction in the court to render a judgment of lien against the appellant's property. We say *attempted* to be raised, because, as will hereafter appear, it does not properly arise upon this record. The plaintiffs sold some material to the defendant Heisler to be used in the erection of a house for the defendant McCollum, and the material was so used. The premises improved were situated in Stoddard county, where the defendant McCollum resided, but the defendant Heisler resided (as shown by the evidence) in Scott county. Where the plaintiffs reside nowhere appears. The only mention of the issue and service of summons is the following recital in the transcript: "Summons was issued to the respective parties and executed on the tenth day of May, 1893, and on the thirtieth day of June, 1893;" and the following recital in the judgment entry: "The defendant Heisler, *although duly served with process of summons*, comes not, but makes default."

At the return term of the writ the defendant McCollum appeared, and moved to dismiss the cause against him, because both the defendant Heisler and the plaintiffs were nonresidents of Stoddard county, and the court had no jurisdiction to render a personal judgment against Heisler. No evidence was offered on this motion, and the court overruled it. The defendant McCollum then filed an answer containing a general denial, and challenging the jurisdiction of the court upon the grounds stated in his motion. The court heard evidence fully substantiating the account and lien, and rendered judgment for the debt against

Heisler, with judgment of lien against McCollum's property.

Rule 13 of this court fully provides what the transcript should show, where an exception is saved to the regularity of the process or its execution, or to the acquiring by the court of jurisdiction in the cause. Where the record entries fail to show want of jurisdiction, the record itself recites jurisdiction, and the evidence nowhere negatives the recital, the appellant is not in a condition to raise the question of jurisdiction. Facts stated in motions, unless borne out by the recitals of the record, must be established by evidence. In the absence of anything to show that the ruling of the court was erroneous, we must presume that it was correct.

In order to avoid all misunderstanding we desire to add that, had the facts appeared as defendant McCollum claims them to be, there still would be no merit in his contention. Suits to enforce mechanics' liens are proceedings *in rem*, and must be brought in the county where the property is situated. If neither the owner nor contractor resides in that county, they may *both* be brought in by publication, although no personal judgment can be rendered against either. R. S. 1889, secs. 2022, 2024, 6717; *Schulenburg v. Werner*, 6 Mo. App. 292. As the owner of the property resided in Stoddard county, where the property was situated, he was properly served with summons in that county, regardless of where the plaintiffs resided. R. S. 1889, sec. 2009. If Stoddard county was the only county where suit could be brought, and the defendant McCollum also resided there, and was properly served there, then summons would have been properly issued against Heisler to Scott county. R. S. 1889, sec. 2021. The defendant misconceives the purport of the decision in *Graham v. Ringo*, 67 Mo. 324. What that case

State to use v. Plass.

decides is that process can be issued to another county than the one in which the suit is pending, only in cases where the defendant residing in such other county *can with propriety be joined* as a codefendant in the action. It is in that sense that the words "jointly liable" are used by HOUGH, J., in that case, as the context of the entire decision shows.

The plaintiffs move for an affirmance of the judgment with damages. As we must conclude that there is no merit whatever in the appeal, we sustain the motion and affirm the judgment with five per cent. damages. All the judges concur.