## BIGSBY *et al.* v. EPPSTEIN *et al.*

No. 2942. Opinion Filed October 14, 1913.

(135 Pac. 934.)

1. **ATTORNEY AND CLIENT**—Duty of Attorney—Notice to Client. It is the duty of an attorney regularly employed in a case to keep advised of its situation and the proceedings had therein, and to communicate them to his client. For these purposes he is the agent of his client, and the attorney's knowledge of the assignment of a cause for trial and of the judgment rendered is, in the absence of fraud, imputed to the client.

2. **JUDGMENT** — Default Judgment—Vacation—Grounds—Petition. Under the evidence, the court was justified in refusing a new trial.

(Syllabus by Brewer, C.)

*Error from District Court, Pottawatomie County;*
*Chas. B. Wilson, Jr., Judge.*

Action by L. Eppstein and another, copartners, against P.
H. Bigsby and others. Judgment for plaintiffs, and defendants
petition for a new trial. Petition denied, and defendants bring
error. Affirmed.

*C. P. Holt* and *Jesse Williams,* for plaintiffs in error.

*T. G. Cutlip* and *McLain Taylor,* for defendants in error.

Opinion by BREWER, C. On February 11, 1910, upon
issues joined by answer, a judgment was duly rendered against
all of the defendants now appearing here as plaintiffs in error,
the cause standing for trial on that date by regular assignment
on the calendar. Neither of the defendants was present. On
February 14, 1910, a motion for new trial was filed in behalf of
defendants Bigsby and Lanthripe, the motion being signed by L.
G. Pitman and S. P. Freeling as their attorneys. On March 17,
1910, this motion, coming on regularly for hearing, was over-
ruled; no exceptions being shown in the record. On October
5, 1910, all of the defendants joined in a petition for new trial,
setting up a number of grounds or reasons therefor. On the
18th day of February, 1911, the petition for a new trial was
heard by the court, and numerous witnesses were examined and
gave their testimony relative to the issues presented. At the
conclusion of the testimony the attorneys for the judgment
creditor moved the court to overrule and deny the petition for
new trial, on the evidence introduced, on the ground that it was
insufficient to entitle the parties to the relief asked. In sus-
taining the motion, the court made the following finding:

"The evidence seems to show, as far as it has gone, that
Mr. Pitman represented the parties. The evidence shows, fur-
ther, that the attorney or parties in this case had knowledge
of the filing of the motion for a new trial before the same was
presented. The parties, the attorneys or parties, are charged
with the knowledge of the conditions of their case as they ap-
pear of record, and of the acts of their attorneys, being their
employed agents in the matter. Mr. Pitman had a knowledge

of the filing of this petition and of this motion for new trial; he knew it was on file at the time or before it was taken up and passed upon. He must have known. Mr. Green must have known, or is charged with knowledge at least of the fact that there had been an adverse decision rendered against him, because Mr. Pitman must have known that fact, or there would not have been a motion for new trial filed. Consequently he is charged with all the knowledge that his attorney had, and is bound by the ruling of the court on a motion for new trial. The motion for new trial sets up these things, and I believe that under the showing that has been made the court will not be warranted in sustaining the petition for a new trial, and the motion of the plaintiff will be sustained."

The court, after hearing and weighing the evidence, decided that the defendants had failed to show by the evidence any legal reason why the judgment rendered against them should be vacated and a new trial ordered. We think the court decided correctly. These parties were in court with their answer. They admit that Mr. Pitman was their employed attorney in the case. On the date of the original judgment he was in court, and knew the case stood for trial. Plaintiffs' attorney in fact called up the case in open court, and it was announced that it would be tried after supper at a night session; the hour being mentioned. Mr. Pitman started to the telephone to notify one or more of the defendants, but was met by Mr. Freeling, who was attorney for one of the defendants in a criminal case, who prevailed on Pitman not to have his client come in, as he did not wish to take the chance of having him put to trial in the criminal case. So after supper, when the case came up, neither Pitman nor his clients were present. Proof was taken on behalf of the plaintiff, and judgment for $125 rendered against defendants. Within the three days allowed by law Pitman and Freeling joined in a motion for new trial, which, as has been stated, was overruled a month later; no exceptions being saved. The reasons assigned for a new trial included surprise and irregularities in the procurement of the judgment. The petition later filed for new trial rested substantially on the same grounds. Defendants claimed they did not know that the case would come up for trial; that their attorney had not notified them. The de-

fendant Green also claimed that a year or two previous plaintiffs' attorney had led him to believe he did not desire a judgment against him.   The other two defendants have no excuse, except that they did not have knowledge.   Mr. Pitman also stated that he had the impression, from some source, that no judgment would be asked against Green.   He could not recall just what information he had on the matter.   The showing is not sufficient.   The attorney for these parties was in court, knew what was going on, never intimated that he had understood that Green was not to be proceeded against, but knew, at least on the date of judgment, that all would be proceeded against. Clients are not expected to stay at the courthouse all the time. They employ attorneys to watch and advise them from time to time of the progress of their litigation.   Such attorney is agent for his client.   His knowledge of the setting and disposition of the case is imputed to his client.   Courts could not run and dispatch business expeditiously under any other theory.   *Marshall v. Marshall,* 7 Okla. 240, 54 Pac. 461; *Choctaw, O. & G. R. Co. v. Burgess,* 21 Okla. 110, 95 Pac. 606; *Burkett v. Lehman, etc., Co.,* 8 Okla. 84, 56 Pac. 856; *Price v. Carney,* 75 Ala. 546; *Rogers v. Palmer,* 102 U. S. 263, 26 L. Ed. 164; *Dorrance v. McAlester,* 1 Ind. T. 473, 45 S. W. 141; *Coonan v. Loewenthal,* 129 Cal. 197, 61 Pac. 940; 4 Cyc. 933.

The judgment should be affirmed.

By the Court:   It is so ordered.