## STONE v. SULLIVAN.

No. 19311.  Opinion Filed Oct. 28, 1930.

Rehearing Denied Dec. 2, 1930.

W. W. Davis, for plaintiff in error.

Sullivan & Sullivan and R. J. Shive, for defendant in error.

EAGLETON, C. T. A. Sullivan, an attorney of Wichita, Kan., was employed by Mrs. Myrtle Follis, a widow of that city, to recover damages from J. H. Stone, a man of considerable means, of Tonkawa, Okla., for breach of promise. Stone employed Mr. Stearns, another attorney of Wichita, to endeavor to adjust this claim and avoid the filing of the suit. Stearns called on Sullivan to discuss the situation, was given a copy of the petition it was his purpose to

file against Stone, and was shown the written contract between Sullivan and Follis, whereby Sullivan was to receive one-half of the recovery either by settlement or judgment. At the request of Stearns the filing of the petition was withheld until noon Monday, June 21, 1926, that he might have time to confer with his client and reach an adjustment of this claim without suit. A settlement was made by Stone and his agents with Mrs. Follis before the suit was filed circumventing Mr. Sullivan, thereby causing him to lose the compensation due him therein, and he brought this suit against Stone to recover the fee to which he would have been entitled had he recovered judgment. His amended petition alleged: That he was a practicing attorney; Mrs. Follis employed him by written contract to file and prosecute the claim, which he believed to be a proper claim against Mr. Stone; that Mr. Stearns, attorney for Stone, called on him and was by him given a copy of the petition, which he had drawn to be filed in the proposed suit, alleging the breach of promise of marriage with her, and claiming damages of $15,000 and was shown the contingent fee contract he had with Mrs. Follis wherein he had agreed to file and prosecute the suit for $15,000 on a 50 per cent. fee contingent on settlement or judgment; that he offered to settle the said claim with Stearns for the sum of $5,000, and Mr. Stearns requested and was given until June 21st to meet his proposition of settlement; that Mr. Stone knew of his claim and lien; that Stone through his friends and advisers went to Mrs. Follis, took her to Newkirk and settled with her for $3,000, and caused her to file with the court clerk there an affidavit, and caused him, the clerk, not to file the suit formally,—the petition, his notice of attorney's lien,—and to issue summons for Stone, the defendant therein, but to deliver the petition which was verified by Mrs. Follis to her and return the notice of attorney's lien, and cost check to him, Mr. Sullivan. The petition then set forth his damages in the sum of $7,500, and prayed therefor. Attached to the petition as exhibits were: (a) Copy of petition prepared and offered for filing in Follis v. Stone; (b) copy of notice of attorney's lien served on Mr. Stearns; (c) copy of notice of attorney's lien offered for filing in Follis v. Stone; (d) copy of contract between Sullivan and Follis; and copy of affidavit made by Mrs. Follis and delivered to the court clerk at the time the original petition in Follis v. Stone was delivered by him to her. Defendant answered with a general denial and certain specific denials including a de-

nial that Stearns was retained as his attorney in the proposed suit. This answer was verified.

Defendant tested the sufficiency of the amended petition by a demurrer and by objecting to the introduction of evidence. The cause was tried to the court without a jury. Plaintiff recovered a judgment for $750. Defendant's motion for new trial was overruled. He brings this appeal.

The parties will be referred to as plaintiff and defendant as they appeared in the trial court.

Defendant presents as grounds for reversal the following propositions: (a) The petition did not comprehend an action in fraud or an estoppel of defendant to deny that the attorney's lien had attached to the cause of action; (b) no legal notice of plaintiff's lien was given to defendant; (c) an attorney's lien does not attach to a claim until an action is legally commenced; (d) no action on the claim was legally commenced.

Plaintiff filed a motion to correct the judgment and has filed a cross-petition in error here asking that the judgment may be corrected to give him a judgment for $5,000 being 33⅓ per cent. of the claim for which he contracted to file suit, and relies on section 4103, Comp. Stats. 1921, to sustain him. But we have no jurisdiction to pass upon this cross-appeal, for this question was not preserved by a motion for new trial and no notice of appeal was given by plaintiff.

In support of the judgment as rendered, plaintiff urges that his petition alleges facts sufficient to establish fraud which estops defendant from relying upon the failure of plaintiff legally to commence an action if under the law it were necessary that an action be commenced before an attorney's lien would attach to a claim. The allegations of the petition are not as full and comprehensive as would entitle it to a place in a form book of model pleadings, yet it will suffice. It states that plaintiff disclosed to defendant through his duly authorized agent, his attorney, that he had been employed on a contingent fee basis to prosecute a claim against him for $15,000 for breach of promise; that he had prepared a petition therein and purposed to file it with his attorney's lien. Defendant's attorney requested him not to do so until June 21st, by which time he could confer with Stearns; that Stone took advantage of the delay thus granted him and used his best efforts successfully to circumvent

this plaintiff by making a settlement behind his back and thus defeated his rightful claim to his compensation under his contract.

Any conduct by which one obtains an unfair advantage of another may be fraudulent. Jones v. Snyder, 121 Okla. 254, 249 Pac. 313. Every attorney is the agent of his client for the purposes of his employment,—Bisbee v. Eppstein, 39 Okla. 466, 135 Pac. 934; 6 C. J. 516,—and the knowledge of the attorney acquired in his employment is the knowledge of the client. Lambert v. Smith, 53 Okla. 606, 157 Pac. 909; 6 C. J. 144; Schulenburg v. Werner, 6 Mo. App. 292, 293; Pyeatt v. Estus, 72 Okla. 160, 179 Pac. 42; Bisbee v. Eppstein, supra; Bogart v. George K. Porter Co. (Cal.) 223 Pac. 959; Bury v. Bury (Mont.) 223 Pac. 502; Rauer v. Hertweck (Cal.) 165 Pac. 946; Singfield v. Vogler (Ark.) 192 S. W. 906; Bunnell v. Holmes (Colo.) 171 Pac. 365; Farnsworth v. Hazelett (Ia.) 199 N. W. 410; Stevens v. People Savings Bank (Ia.) 171 N. W. 130; American Export & Inland Coal Corp. v. Mathew Addy Co. (Ohio) 147 N. E. 89; First State Bank of Keota v. Bridges, 39 Okla. 355, 135 Pac. 378; Sealy v. Pound, 128 Okla. 54, 261 Pac. 161; Davidson v. Board of Commissioners (Colo.) 59 Pac. 46; Grand Rapids Ry. Co. v. Cheboygan Circuit Judge (Mich.) 126 N. W. 56.

The plaintiff had an interest in the claim Mrs. Follis had against the defendant. Kansas Pac. Ry. Co. v. Thacher, 17 Kan. 101. Defendant had knowledge of this interest and he by his conduct—by the conduct of his agent, which in law is his conduct,—caused him, the plaintiff, not to perfect his legal claim for attorney's lien until he, the defendant, had the opportunity to go around the attorney and make settlement with plaintiff's irresponsible client. It was claimed that defendant had been able to overpersuade Mrs. Follis to his purposes and that was the basis of the proposed action against him. He was again able to persuade her to settle with him for this alleged damage and desert the attorney who by his services had brought the defendant to the position of being willing to make settlement. We can neither approve nor condone this type of conduct. The pleading is sufficient to make an issue on the good faith or fraud of the defendant which might estop him to deny the legal formality of the attorney's lien claim or notice thereof.

Now, what of the evidence? Defendant endeavors to rely alone on the legal insufficiency of the plaintiff's lien and the notice thereof. This is a law action tried to the court without a jury. The judgment will no more be set aside because of the insufficiency of the evidence, if there be any evidence which reasonably sustains it, than would a verdict of a jury thereon. Baker v. Farmer's Bank, 117 Okla. 93, 245 Pac. 555; Tancred v. Holuby, 124 Okla. 97, 254 Pac. 75; Security State Bank v. Peters, 106 Okla. 287, 233 Pac. 1068.

Evidence was introduced to the effect that Mr. Stearns called on Mr. Sullivan. He was shown the petition which had been prepared to file in the breach of promise action against Stone; he was shown the contract Mr. Sullivan had with Mrs. Follis. Mr. Sullivan asked $5,000 in settlement. Mr. Stearns urged that the suit be not filed until he had opportunity to make a settlement saying, in substance, "Hold up. Please do not file that suit and we will surely come to your office and make settlement." Accepting this promise Mr. Sullivan agreed that the suit would not be then filed, that Mr. Stearns should have until noon, June 21, to endeavor to make settlement with him. The defendant took advantage of the delay thus obtained and brought about a settlement without protecting Mr. Sullivan.

Mr. Sullivan, because of the courtesy extended, the privilege which he granted, to Mr. Stone, is now asked to take nothing for his services. Compromises and settlements are looked upon with favor not only by the courts but by all clear thinking peoples. None would gainsay that Mr. Stone had the right to settle the impending litigation. He was not required to await the filing of the suit against him—that the claim might be proclaimed publicly—before he made settlement thereof, but when he assumed to cause Mr. Sullivan to waive his right immediately to commence the suit, which he had been employed to file and prosecute— on his promise to come in and make settlement, without intending to do so, he was guilty of fraud. Subsection 4, section 4996, Comp. Stat. 1921; American National Bank of Ardmore v. Dunn, 143 Okla. 116, 287 Pac. 999; Ex parte Sloan (Stanley v. Vinson), decided July 1, 1930 (pending on rehearing) not yet officially reported, No. 19553. He will not be permitted to profit himself by taking advantage of his own wrong, his own fraud, and he may be held liable to the one wronged for the damages suffered. He paid Mrs. Follis $1,500. Had that amount been received in the suit Mr. Sullivan would have received $750 of it. That is the amount of his damage as found by the trial court. Mr. Stone has not been injured by the judg-

ment entered against him, so we will affirm it.

BENNETT, HERR, HALL, REID, and LEACH, Commissioners, concur.

By the Court: It is so ordered.