## NATIONAL AID LIFE INSURANCE CO. et al. v. NASH et al.

No. 30535.   April 6, 1943.

Rehearing Denied May 11, 1943.

*136 P. 2d 883.*

Gibson & Savage, of Oklahoma City, for plaintiff in error.

Nash & May, of Drumright, for defendants in error.

GIBSON, V. C. J. This is an action in fraud and deceit to recover damages for loss of an attorney fee. Judgment was for plaintiffs, and defendant appeals.

Plaintiffs alleged in substance that they were employed as attorneys by one Moore to collect from defendant the value of two life insurance policies issued by defendant to said Moore; that a controversy arose between Moore and defendant as to whether the policies had been permitted to lapse, and Moore desired to recover for their alleged present value. The contract of employment was oral, and provided for a rea-sonable contingent fee to be paid out of the proceeds of any compromise or judgment.

It was further alleged that plaintiffs made a number of attempts to settle the claim with defendant's representatives without success; that Moore instructed them to prepare the suit, and stated that if the matter was not settled by a certain date he would return and file the case. Plaintiffs were ready to prepare the suit, but Moore did not return. In the meantime plaintiffs notified defendant that they claimed a lien on Moore's claim for a reasonable fee. Notwithstanding repeated notice to defendant, certain of its officers and agents, without plaintiffs' knowledge, held conferences with Moore for the purpose of reaching a settlement; that at said conferences the officers and agents fraudulently and collusively, and with total disregard of plaintiffs' rights under their contract of employment, advised Moore on the legal aspects of the case, and fraudulently induced Moore to breach his contract with plaintiffs, and thereupon made direct settlement with him; that Moore was advised not to consider plaintiffs' claim and that he could not be compelled to pay it; that Moore received the sum of $1,250 as a result of said settlement.

Plaintiffs sought actual damages in the sum of one-third the amount so paid as representing a reasonable fee under the terms of their contingent fee contract.

On their second cause of action they sought exemplary damages in the sum of $1,000.

Trial to the court without a jury resulted in judgment for plaintiffs for the sum of $416.66 on their first cause of action. On their second cause of action the court found against plaintiffs and rendered judgment accordingly. Defendant alone appeals.

The evidence fully supports the specific allegations in the petition relating to defendant's acts in settling with Moore in total disregard of plaintiffs'

interests arising under their contract with Moore and the services rendered pursuant thereto. It was further shown that defendant promised not to settle with Moore in plaintiffs' absence, and that plaintiffs were induced by defendant to postpone filing the suit with their lien claim filed thereon pursuant to their right under the statute. 5 O. S. 1941 §§ 6, 7.

In its special findings of fact the court found the allegations of the petition to be true, and held that defendant by reason of its actions was estopped to deny plaintiffs' attorney's lien. The court did not make a specific holding in its conclusions of law that defendant was guilty of actionable fraud, but based its judgment on estoppel arising from the deceitful actions of the defendant as alleged and proved. In so holding the court followed the case of Stone v. Sullivan, 146 Okla. 113, 293 P. 232.

The findings and judgment of the court are wholly in harmony with the theory adopted by plaintiffs under their first cause of action. They sought to recover a reasonable attorney fee on the ground of ordinary deceit whereby they were induced to alter their position to their financial detriment. They do not say that their attorney's lien actually attached to Moore's cause of action, but assert, in substance, that if no such lien attached, the failure thereof was the fault of defendant as aforesaid, and that defendant is now estopped to deny the lien for a reasonable fee.

There is ample evidence that defendant settled with Moore in total disregard of its knowledge of plaintiffs' claims and its own promises that it would not settle in the absence of the plaintiffs, and that plaintiffs were induced not to file the suit. Under such facts the injured party may recover any damages suffered thereby. 76 O. S. 1941 § 2. That section provides as follows:

"One who willfully deceives another, with intent to induce him to alter his position to his injury or risk, is liable for any damage which he thereby suffers."

And the defendant in such case is estopped to deny the attorney's lien. Stone v. Sullivan, supra. The facts in that case were very similar to the facts here, and the court held as follows:

"The conduct of the defendant would estop him from questioning the legal sufficiency of plaintiff's attorney's lien by reason of the failure of plaintiff to commence a suit or to make formal service of lien claim."

The editorial syllabus in the above case well expresses the court's holding. It reads as follows:

"Defendant, having induced attorney hired under contingent fee contract to postpone filing suit, on promise to make settlement, held estopped to deny sufficiency of attorney's lien after having made settlement direct with client."

In that case suit had actually been prepared, while none had been prepared and made ready for filing here. But that would amount to no material distinction in the two cases.

The judgment is affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, HURST, DAVISON, and ARNOLD, JJ., concur. WELCH, J., dissents.

———

WELCH, J. (dissenting). I think the decision here is an unwarranted extension of the rule of Stone v. Sullivan (146 Okla. 113, 293 P. 232) under the facts. That decision places emphasis on the extreme fact situation there observed and specifically makes the rule adopted to depend on the existence of similar facts in any other case. The facts in this case are substantially different. Here the delay in filing suit was caused by the client, and he sought the settlement or payment of his claim. There was here no written contract for specific portion of recovery, but only an oral agreement to pay a reasonable fee; no papers tendered to the clerk for filing with accompanying cost deposit; no exhibiting to defendant of a written claim to a specific portion of

the recovery by settlement. The reprehensible conduct commented on in the cited case and forming the basis of the conclusion is not found here. I do not here find the fraud and deceit there noticed.

I agree that counsel rendered service and are entitled to compensation. I think, however, their claim is against their client under the facts here.