JONES et al. v. FARMERS INS. EX-CHANGE OF LOS ANGELES, CAL.

Civ. No. 5586.

United States District Court
W. D. Oklahoma.

June 15, 1953.

Carmon C. Harris, Oklahoma City, Okl., for plaintiffs.

Draper Grigsby, Oklahoma City, Okl., for defendants.

WALLACE, District Judge.

The plaintiffs, Frank Wilton Jones and Carmon C. Harris, bring this action against the defendants, Farmers Insurance Exchange of Los Angeles, California, a reciprocal insurance association, and Farmers Underwriters Association, a Nevada corporation, to recover an attorney's fee.

Plaintiffs allege that the defendants, with knowledge that the plaintiffs represented one W. H. Kyle who had an insurance claim against the defendants, after inducing the plaintiffs to refrain from filing suit upon the promise of probable settlement of the claim, settled the claim directly with the said W. H. Kyle without the knowledge and consent of the plaintiffs.

The primary question presented at time of trial was whether the plaintiffs had a right of action against the defendants either because of a properly perfected attorney's lien under the Oklahoma statutes or upon the theory of estoppel.[1] The case was submitted and the attorneys on both sides were instructed to submit to the Court suggested findings of fact and conclusions of law.

1. Title 5, Okl.Stat.Ann.1951, §§ 6, 7, 8,.9.

Defendants now challenge the Court's jurisdiction upon the ground that the plaintiffs' evidence together with the plaintiffs' suggested findings imply that the plaintiffs are at most only entitled to recover $1,250. The defendants insist that the plaintiffs have never had a bona fide claim for damages sufficient to give this Court jurisdiction.[2]

■ Unquestionably, this Court has a continuing duty to inquire into its own jurisdiction and should dismiss even upon its own motion a cause found not to be within the Court's jurisdiction.[3]

The plaintiffs allege that their oral agreement provided for a fee of 25% of all recovery by settlement or for a fee of 33⅓% of all recovery by suit, and, "had the plaintiffs prosecuted said suit to judgment the said W. H. Kyle [plaintiffs' client] would have recovered $46,800 and that the plaintiffs' portion thereof as contingent fee, would have been $15,600.00"; in addition, the plaintiffs request $10,000 in punitive damages.

The defendants in their motion to dismiss urge that no theory of law exists whereby the plaintiffs under the allegations in their complaint could recover an amount adequate to give this Court jurisdiction, because:

(1) Inasmuch as the Court is sitting as a court of equity, it has no authority to assess punitive damages, and

(2) The only actual damage suffered by the plaintiffs at most is $1,250, 25% of the settlement figure of $5,000.

■■ The Oklahoma law unmistakably indicates that only cases properly triable before a jury can be the object of punitive damages and that only where the case is triable at law can the court award such damages.[4] Generally where an attorney sues the adverse party to enforce an attorney's lien in connection with a contingent fee arrangement the action is strictly triable to a court of equity, without a jury.[5] If the instant case fell within the general rule there is no question but what the allegations regarding punitive damages could not be considered by this Court in determining whether a jurisdictional amount was alleged.

However, there are two reasons why in the instant case the Court does have jurisdiction.

■■ In the first place, the complaint charges, among other things, that the defendants were guilty of fraud in dealing with the plaintiffs in inducing them to refrain from filing suit. Where the element of fraud and estoppel so enter in, the action is one at law and properly triable by a jury.[6] Thus, in a trial before the Court alone, the Court is empowered to award punitive damages where the evidence so warrants and, in such case, the request for punitive damages is to be considered in de-

---

**2.** 28 U.S.C.A. § 1332 provides: "(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $3,000 exclusive of interest and costs, and is between: (1) Citizens of different States * * *."

**3.** McNutt v. General Motors Acceptance Corp. of Indiana, 1936, 298 U.S. 178, 189, 56 S.Ct. 780, 80 L.Ed. 1135; Clark v. Paul Gray, Inc., 1939, 306 U.S. 583, 588, 59 S.Ct. 744, 83 L.Ed. 1001; Read v. Dickerson, 1941, 312 U.S. 656, 61 S. Ct. 713, 85 L.Ed. 1105.

**4.** Title 23, Okl.Stat.Ann.1951, § 9 provides: "In any action for the breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud or malice, actual or presumed, *the jury*, in addition to the

actual damages, may give damages for the sake of example, and by way of punishing the defendant." (Emphasis supplied.) See Mid Continent Petroleum Corporation v. Bettis, 1937, 180 Okl. 193, 69 P.2d 346; Garrett v. Kennedy, 1944, 193 Okl. 605, 145 P.2d 407.

**5.** See Boulding v. Slick, 1932, 161 Okl. 189, 17 P.2d 391; Sterling Milk Products Co. v. Brown, 1930, 146 Okl. 302, 294 P. 117; Simpson v. Baker, 1926, 123 Okl. 118, 252 P. 834. Distinguish where suit is against client as well as adverse party which has been held to be a law action triable to a jury. Western States Oil & Land Co. v. Helms, 1930, 143 Okl. 206, 288 P. 964.

**6.** Stone v. Sullivan, 1930, 146 Okl. 113, 293 P. 232.

termining whether a jurisdictional amount exists.[7]

Secondly, even if this action be considered equitable in nature, which would eliminate from the Court's consideration the allegation requesting punitive damages, the allegations of the complaint in regard to *actual* damage are sufficient to give this Court jurisdiction.

■ The Oklahoma law gives an attorney who has been settled around, but who has prior to settlement perfected a statutory lien, the right to sue the adverse party and make proof of his percentage agreement based upon the actual settlement figures, *or* the right to sue the adverse party and make proof of the actual merits of his client's case and let the Court determine the value of the client's claim, had it gone to court instead of being settled. Although this alternative is somewhat unusual the Oklahoma Supreme Court clearly enunciated this principle in the early case of Herman Const. Co. v. Wood; the syllabus by the Court in that case states:[8]

"Where such a contract between attorney and client has been made and a settlement or compromise of the cause of action by the client and adverse litigant had without notice to and consent of the attorney, the attorney within one year after he becomes aware of such compromise may prosecute a separate suit against the adverse litigant for the fee due him or that would have become due him under his contract of employment, if the cause had been prosecuted to judgment, not to exceed the percentage of the amount to be sued for as stipulated in his contract; *and, at the trial of such action, the attorney may introduce evidence to establish the merits of his client's cause of action and the amount he would have been entitled to receive, if same had been prosecuted to judgment."* (Emphasis supplied.)

The obvious purpose of the Oklahoma statute is to prevent an attorney from being bound by the amount of a settlement made without his knowledge and consent and to reserve for him the right to come forward and establish the true value of his client's cause of action thereby establishing the resultant value of his contingent fee contract.

■ Thus, in the instant case, under the allegations of the complaint, the plaintiffs could have submitted evidence tending to prove that a total of $10,000 [the maximum liability of the defendants under the two policies] could have been recovered from the defendant companies; as such, the contingent fee agreement for $33\frac{1}{3}\%$ exceeds the jurisdictional requirement.

■ It is, of course, elementary that the jurisdiction of this Court is determined from the face of the complaint and once jurisdiction has attached the mere fact that the evidence introduced establishes a liability of less than the original jurisdictional requirement does not divest the Court of jurisdiction.[9] Naturally, if from the face of the complaint it is apparent that the plaintiffs cannot recover the jurisdictional amount under any theory of law regardless of proof the Court could but rule that jurisdiction never attached. However, such is not the condition here.

■ Turning to the merits of the case at bar the Court finds:

(1) Mary Kyle was fatally injured in an automobile collision which occurred on August 28, 1951, between an automobile in which she was riding driven by Ruby Jean Clark and an automobile driven by Billy

7. Clearly, in a suit filed in this Court which alleges diversity of citizenship, where actual and punitive damages are recoverable under a complaint, each must be considered to extent claimed in determining jurisdictional amount. Bell v. Preferred Life Assur. Soc. of Montgomery, Ala., 1943, 320 U.S. 238, 64 S.Ct. 5, 88 L.Ed. 15; Greene v. Keithley, 8 Cir., 1936, 86 F.2d 238; Young v. Main, 8 Cir., 1934, 72 F.2d 640.

8. Herman Const. Co. v. Wood, 1912, 35 Okl. 103, 128 P. 309. Accord, Sterling Milk Products Co. v. Brown, footnote 5 supra.

9. Norwood Lumber Corp. v. McKean, 3 Cir., 1946, 153 F.2d 753. Also, see Jones v. Drewry's, Limited, 7 Cir., 1945, 149 F.2d 250.

Ray Berry. Mary Kyle was survived by W. H. Kyle, her husband, and R. H. Kyle, an adult son. Both automobiles involved in this accident were insured by the defendant Farmers Insurance Exchange, of Los Angeles, California, with automobile public liability limits for each automobile of $5,000 for one person and $10,000 for one accident.

(2) On September 1, 1951, the plaintiffs, Frank Wilton Jones and Carmon C. Harris, were invited by W. H. Kyle to his home and were employed to represent Mr. Kyle in making claim or filing suit against the *persons* responsible for the death of Mr. Kyle's wife; the "persons" included the assureds of the defendants herein and the City of Oklahoma City. Mr. Kyle and the plaintiffs herein entered into an oral agreement whereby the plaintiffs' fee would be 25% of the recovery if by settlement and 33⅓% of the recovery if by suit.

(3) The defendants paid W. H. Kyle $5,000 in settlement of his claim after defendant's agent induced the plaintiffs to delay filing suit because of the probability of settlement without suit; and, after their agent had been notified by the plaintiffs that the plaintiffs were representing Mr. Kyle and that the plaintiffs were claiming an attorneys' lien.

In light of these facts the Court is satisfied that the plaintiffs are entitled to recover the proved *actual* damages.

It could be argued forcibly that inasmuch as the defendants had notice that the plaintiffs represented the client in question and that they were claiming an attorneys' lien that the attorney's lien statutes had been substantially complied with thus perfecting a statutory lien.[10] Contrarily, it could be urged that inasmuch as the case was not "filed" as required by section 6, no lien could possibly exist.[11] However, the Court does not need to pass on the precise point of whether it is possible to perfect an attorney's lien under the Oklahoma statutes prior to the filing of suit, inasmuch as the plaintiffs are clearly entitled to recover upon the theory of estoppel.

In Stone v. Sullivan the Oklahoma Supreme Court ruled that where a defendant had induced an attorney, hired under a contingent fee contract, to postpone filing suit, on promise of settlement, the defendant was estopped to deny the sufficiency of attorney's lien; in so holding the Court said:[12]

> "The plaintiff had an interest in the claim Mrs. Follis had against the defendant. * * * Defendant had knowledge of this interest, and he by his conduct—by the conduct of his agent, which in law is his conduct—caused him (the plaintiff) not to perfect his legal claim for attorney's lien until he (the defendant) had the opportunity to go around the attorney and make settlement with plaintiff's irresponsible client. * * * The pleading is sufficient to make an issue on the good faith or fraud of the defendant which might estop him to deny the legal formality of the attorney's lien claim or notice thereof."

10. See Goldberg's Loan Office v. Evans, 1934, 169 Okl. 397, 37 P.2d 286.

11. 5 Okl.Stat.Ann.1951, § 6 provides in part: *"From the commencement of an action, or from the filing of an answer containing a counterclaim*, the attorney who represents the party in whose behalf such pleading is filed shall * * * ."
Although section 6, supra, appears to be clear when read by itself, the ambiguity arises when an attempt is made to construe section 6 with section 8. Section 8 provides in part: "Should the party to any action *or proposed action*, whose interest is adverse to the client contracting with an attorney settle or compromise the cause of action or claim * * *." (Emphasis supplied.)

12. Footnote 6, supra, 293 P. at page 234. Another case which is directly in point is National Aid Life Insurance Co. v. Nash, 1943, 192 Okl. 416, 136 P.2d 883, wherein the Court held, that a party who induces an attorney to postpone a client's suit against him on promise of settlement, and subsequently settles with the client in total disregard of such promise, is thereby estopped to deny the sufficiency of the attorney's lien in an action by said attorney against him to recover damages for fraud and deceit practiced in making said settlement.

 

 Although the Court in the instant case believes it has the authority to award punitive damages it does not choose to do so. The conduct of the defendants through their agent is to be vigorously censured in that a deliberate breach of acceptable business ethics took place for the express purpose of reducing the amount of the defendants' liability; however, the facts do not go sufficiently far to justify an exemplary award.

Defendants' motion to dismiss is overruled; and, plaintiffs are entitled to judgment for $1,250.

Counsel should submit an appropriate journal entry to the Court within ten days.