Enter order accordingly.

John P. CARLTON, a minor, by and through Joe C. Carlton, natural father and next friend, Plaintiff,

v.

Stephen R. BELLO, a minor over fourteen (14) years of age, Defendant.

Civ. No. 74–250–D.

United States District Court, W. D. Oklahoma, Civil Division.

Jan. 24, 1975.

Larry M. Weber, Altus, Okl., Russell B. Holloway, Oklahoma City, Okl., for plaintiff.

George W. Dahnke, Oklahoma City, Okl., for defendant.

### ORDER

DAUGHERTY, Chief Judge.

■ This case is a personal injury action arising from Plaintiff having been struck by an automobile driven by Defendant while Plaintiff was walking across a street located on Altus Air Force Base, Oklahoma. Diversity of citizenship which was first urged as the basis for jurisdiction in this Court has been previously determined by this Court not to exist and Plaintiff's original Complaint was dismissed. Plaintiff in an Amended Complaint asserts that this Court has jurisdiction pursuant to 28 U.S.C. § 1331 on the basis that a federal question is presented. He states that the federal question arises because the United States Government has exclusive jurisdiction over the military reservation where the cause of action arose. In his Answer to the Amended Complaint, Defendant has urged that subject matter jurisdiction is not present. He asserts that the United States Government does not have exclusive jurisdiction over the place where the accident occurred either when it occurred or now. When the matter came on for pre-trial conference, the Court requested the parties to submit briefs to support their respective positions as to whether this Court has subject matter jurisdiction. Said briefs have been filed by the parties and have been considered by the Court under its continuing duty to inquire into its own jurisdiction. Jones v. Farmers Ins. Exchange of Los Angeles, Cal., 112 F.Supp. 952 (W.D.Okla.1953).

The facts relevant to the threshold question of whether the military base where the accident occurred is under the exclusive jurisdiction of the United States are set out in Defendant's Request for Admissions filed August 21,

1974 and Plaintiff's Answer to said Request filed September 21, 1974. The statement of facts portion of the briefs submitted by both parties are generally in agreement in regard to such facts. The relevant facts are:

(1) The United States accepted jurisdiction over all military bases located in Oklahoma to which the United States had title on August 8, 1944, and what is now Altus Air Force Base was included in such acceptance.

(2) After World War II, the Base was deactivated and the land was conveyed by Quit Claim Deed by the United States to the City of Altus, Oklahoma, on September 14, 1948.

(3) The portion of Altus Air Force Base where the accident involved in this action occurred was conveyed back to the United States by Quit Claim Deed on March 5, 1955.

The Plaintiff's position is that the notice of acceptance given by the United States in 1944 to exercise exclusive jurisdiction remained applicable to Altus Air Force Base when the land was reacquired for military purposes in 1955.

Defendant contends that the United States surrendered its exclusive jurisdiction over the land in question when it conveyed same to the City of Altus and that its earlier exclusive jurisdiction was not reinstated when the land was reacquired and the Base was reactivated.

The authority under which the United States acquires exclusive jurisdiction over its lands to include military bases is found in Article 1, Section 8, Clause 17 of the Constitution of the United States which gives Congress power to obtain such exclusive jurisdiction. Pursuant to such constitutional authority, Congress has exercised its authority statutorily as set out in 50 U.S.C. § 175, which provides in part as follows:

"Notwithstanding any other provision of law, the obtaining of exclusive jurisdiction in the United States over lands or interests therein which have been or shall hereafter be acquired by it shall not be required; but the head or other authorized officer of any department or independent establishment or agency of the Government may, in such cases and at such times as he may deem desirable, accept or secure from the State in which any lands or interests therein under his immediate jurisdiction, custody, or control are situated, consent to or cession of such jurisdiction, exclusive or partial, not theretofore obtained, over any such lands or interests as he may deem desirable and indicate acceptance of such jurisdiction on behalf of the United States by filing a notice of such acceptance with the Governor of such State or in such other manner as may be prescribed by the laws of the State where such lands are situated. Unless and until the United States has accepted jurisdiction over lands hereafter to be acquired as aforesaid, it shall be conclusively presumed that no such jurisdiction has been accepted."

The State of Oklahoma has by statute consented to the United States' acquisition of lands pursuant to the provisions in the United States Constitution and the above-quoted Federal Statute. 80 Oklahoma Statutes § 1 et seq. The ceding of jurisdiction over such lands by the State of Oklahoma is set out in the following statutory provisions:

80 Oklahoma Statutes 1971, § 2.

"Exclusive jurisdiction in and over any lands so acquired by the United States shall be, and the same is hereby ceded to the United States for all purposes except the service upon such sites of all civil and criminal process of the courts of this State; but the jurisdiction so ceded shall continue no longer than the said United States shall own such lands."

80 Oklahoma Statutes 1971, § 3.

"The jurisdiction ceded shall not vest until the United States shall have acquired the title of said lands by purchase, condemnation or otherwise; and so long as the said lands shall remain the property of the United States, when acquired as aforesaid,

and no longer, the same shall be and continue exempt and exonerated from all State, county and municipal taxation, assessment, or other charges which may be levied or imposed under the authority of this State."

Identical statutes were considered by the Colorado Supreme Court in the case of People v. Sullivan, 151 Colo. 434, 378 P.2d 633 (1963) which reached the conclusion that exclusive jurisdiction does not vest in the United States over a military reservation unless the United States accepts such jurisdiction. In the instant case, the United States accepted exclusive jurisdiction over Altus Air Force Base on August 8, 1944. However, such exclusive jurisdiction of the United States was relinquished when the property comprising Altus Air Force Base was conveyed to the City of Altus in 1948. In S.R.A. v. Minnesota, 327 U.S. 558, 66 S.Ct. 749, 90 L.Ed. 851 (1946) the Court stated:

"We shall treat this case as though the Government's unrestricted transfer of property to nonfederal hands is a relinquishment of the exclusive legislative power."

■■ Once the exclusive jurisdiction of the United States was relinquished, it would appear that the property involved when reacquired by the United States would be treated the same as any other newly acquired property of the United States. A condition of cession by Oklahoma and any acceptance thereof by the United States is that the United States shall have acquired the title of the lands by purchase, condemnation or otherwise. Had the United States desired to accept cession of jurisdiction by Oklahoma over the Altus Air Force Base upon reac-

quisition it should have filed a notice of such acceptance as prescribed by 50 U.S.C. § 175, *supra*.[1] The Plaintiff though given ample opportunity has failed to establish that the United States has accepted exclusive jurisdiction over Altus Air Force Base since its reacquisition. The Plaintiff has the burden to establish that this Court has jurisdiction of his case. Wilshire Oil Company of Texas v. Riffe, 409 F.2d 1277 (Tenth Cir. 1969). The Court concludes that the United States Government did not have exclusive jurisdiction over Altus Air Force Base, Oklahoma at the time of the accident described in Plaintiff's Complaint.

With this conclusion and decision, it is not necessary for the Court to determine the issue whether subject matter jurisdiction arises pursuant to 28 U.S.C. § 1331 as to a civil lawsuit arising from matters occurring on a military reservation which is subject to the exclusive jurisdiction of the United States. In the instant case, it is the finding, conclusion or decision of the Court that subject matter jurisdiction is lacking because the accident in question did not occur on property subject to the exclusive jurisdiction of the United States and Federal Question jurisdiction has not been established.

■ It is the duty of the Court to dismiss an action on its own Motion when subject matter jurisdiction is found to be lacking. McNutt v. General Motors Accept. Corp., 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 (1936); Jones v. Farmers Ins. Exchange of Los Angeles, Cal., *supra*. The Plaintiff's action should be dismissed without prejudice for the foregoing reason.

---

1. In this connection the acceptance of jurisdiction by the United States relied upon by the Plaintiff (notice to the Governor of Oklahoma by the Acting Secretary of War dated August 8, 1944) which letter of acceptance is attached to Plaintiff's Brief provides in part:

"Accordingly, notice is hereby given that the United States accepts exclusive jurisdiction over all lands acquired by it for military purposes within the State of Oklahoma, title to which has heretofore vested in the United States, and over which exclusive jurisdiction has not heretofore been obtained."

This acceptance is over lands acquired by the United States title to which had theretofore vested in the United States. It does not in any way purport to accept exclusive jurisdiction over lands to be thereafter acquired or reacquired by the United States.