[Civil No. 2747. Filed April 23, 1929.]

[276 Pac. 837.]

F. A. WRIGHT, Appellant, v. DAVID H. BURHART, Appellee.

See Continuances, 13 C. J., sec. 25, p. 134, n. 46, sec. 36, p. 139, n. 26, 28; sec. 132, p. 184, n. 9, p. 185, n. 11, sec. 133, p. 185, n. 14, sec. 152, p. 196, n. 85, sec. 154, p. 197, n. 1.

Mr. Louis L. Wallace and Mr. Charles P. Elmer, for Appellant.

Mr. E. Elmo Bollinger, and Mr. J. W. Faulkner, for Appellee.

LOCKWOOD, C. J.—David H. Burhart, hereinafter called plaintiff, brought suit against F. A. Wright, hereinafter called defendant, both in his individual capacity and as trustee, claiming that defendant personally and as trustee was indebted to plaintiff on account of services rendered defendant at his special instance and request by plaintiff. The complaint, after reciting the usual preliminaries, alleged "That said defendant promised to pay plaintiff a reasonable price for his said services, together with all expenses which might be incurred for defendant; that said services were well worth the price and sum of six ($6.00) dollars per day, which amount defendant agreed to pay plaintiff," and followed with the statement that the services were performed; that there was a balance due plaintiff of $421.77 therefor; and that defendant transacted part of his business as trustee in order to avoid payment of his personal obligations, for which reason the suit was brought against defendant personally and as trustee.

Defendant moved to strike the allegations in regard to his conduct as trustee, and to make the complaint more definite and certain, on the grounds that it did not appear whether plaintiff had sued on a *quantum meruit* or an express contract; demurred specially on the same grounds as those set forth in the motion to make more definite and certain, and also generally. Further answering, he filed a general denial and a cross-complaint for $1,700, for money had and received.

Summons was served on defendant June 21st, 1927, and the motions to strike and to make more definite and certain were denied July 9th. On September 6th the case was set for trial for September 23d. On the last-named date, on motion of counsel for defend-

ant, the trial setting was vacated, and the case reset for September 30th. On that day the demurrers were formally overruled, and on motion of defendant the case was again continued till October 13th. On October 13th, plaintiff answering ready for trial, counsel for defendant filed a formal motion for postponement of trial on the ground of absence of their client, stating that he was a material witness, and that, if he were present, he would testify to certain facts. Counsel for plaintiff offered to admit that, if defendant were present, he would testify to everything set forth in the affidavit for continuance, and that, if his testimony were taken by deposition, he would swear to the same thing. The affidavit in support of the motion for continuance also stated as follows: "That there are other witnesses known to said Wright who are material witnesses, whose names and addresses are unknown to the affiant," stating what such witnesses would testify if their depositions were available, and counsel for defendant urged that the admission of plaintiff did not cover that evidence. The court held, however, that the affidavit, so far as the unnamed witnesses were concerned, did not come within the terms of the statute, and refused to grant a continuance. The plaintiff then put two witnesses on the stand, who were examined and cross-examined, and thereafter he dismissed as to defendant as trustee. The defendant offered no evidence, but asked that the court make findings of fact. These were made on the succeeding day, and defendant excepted thereto, the exceptions being denied by the court. At the same time a motion for new trial was submitted and overruled, and defendant has appealed from the judgment and the order denying the new trial.

There are some eight assignments of error in the record, which we will consider in their logical order. The first three go to the action of the court in deny-

ing the motion to make more definite and certain, and overruling the demurrers. It is urged by defendant that the complaint does not show whether the action is upon *quantum meruit* or express contract, and on this ground is subject both to demurrer and motion to make more definite and certain. The principles applying to an objection of this kind in Arizona were laid down in the case of *Willard* v. *Carrigan,* 8 Ariz. 70, 68 Pac. 538. Therein the court said:

"It is often difficult to tell in advance whether the evidence will reveal an express contract or an implied contract. Services may be rendered, and the fact of their having been rendered and received is undeniable. The question of price is but the one thing to be determined. That question may depend upon a contract, or, in the absence of a contract, depend upon value. The plaintiff may conceive that he has a contract, and so allege it. The defendant may conceive that there was no contract, and that the value was less than that which was alleged by the plaintiff to be the contract price. In such case it would not be right nor equitable for the plaintiff to lose his claim because he failed to prove his contract, although he had rendered his services. Therefore he must be allowed to plead it in different ways, and not run the hazard of losing his claim by being compelled to elect upon which class of evidence he must rely. It is plain that he has but one cause of action. In a review of the evidence in this case the condition of the evidence reveals just such a condition, and the trial court committed no error when it refused to require the plaintiff to elect upon which class of evidence he would go to trial. The court found that the defendants made and entered into an oral contract; and, not finding upon the second count as to the value of the services, following the decisions of other courts, it is a finding of fact against the plaintiff upon the second count, or, as counsel term it, the 'second cause of action.' "

Since that time it has been considered proper pleading in Arizona to set forth both *quantum meruit*

and an express contract where there was doubt as to just which the evidence would show, the judgment of the court for one being, of course, a denial of the other. It is true in the Willard case, *supra,* and in most of the other cases which have followed it, that the different theories of the cause of action were stated in separate counts, and it is, of course, better pleading so to state them. We think, however, that, even though this is not done, the proper motion is not one to make more definite and certain. Such a motion, in effect, amounts to a demand for an election, and, since we have said the cause of action may be stated in both ways, an election cannot be required. If defendant for any legitimate reason wished the cause of action set up in separate counts, his proper course would have been a specific motion to that effect. The same principle governs the demurrers. We believe, therefore, that the motion to make more definite and certain and the general and special demurrers were properly overruled.

The next three assignments are, in substance, that the court erred in denying defendant's motion for a continuance. The record shows that defendant was personally served with process in Mohave county June 21st, 1927. At that time he was advised that the action was pending, and it was his duty as a party to secure counsel and to so arrange his future movements that upon reasonable notice he could be present when the case was called for trial. In order to do this, it was, of course, necessary for him to keep his counsel advised as to his movements, but it appears that he neglected and failed to do this, and that they were unable to locate him until approximately the tenth day of October. We are of the opinion that such conduct on defendant's part was so negligent that it was not an abuse of discretion for the trial court to refuse to grant a continuance on the ground that he had not sufficient opportunity to pre-

pare for the trial of the case, and was entitled as a party to be present. 6 R. C. L. 551; *Barnes* v. *Barnes,* 95 Cal. 171, 16 L. R. A. 660, 30 Pac. 298.

When a party intends to testify in a case, and a continuance is asked for on the ground that his evidence is necessary, the same rule applies to him as to any other witness. A motion for continuance on the ground of absence of a necessary witness is governed by the provisions of paragraph 505, Revised Statutes of Arizona of 1913, Civil Code. On examining the affidavit, it is apparent that, so far as the unnamed witnesses are concerned, it did not comply with the provisions of the statute, and it was not error to refuse to grant a continuance on the ground of their absence. So far as defendant himself is concerned, the record shows that counsel for plaintiff offered to admit that he would testify as set forth in the affidavit. By the express terms of the statute, when such an admission is made, the trial is not to be postponed. Further, the admission need be merely that the witness would testify as set forth in the affidavit, and not that such testimony is true, the statute expressly giving the other party the right of controverting it.

The seventh assignment of error is that the court erred in denying defendant's exceptions to the findings of fact. We have examined both the findings and the exceptions thereto. These exceptions consist, first, of objections to certain findings made by the court, and, second, a request that findings be made on certain points not covered. So far as the request for further findings is concerned, we are of the opinion that, if made, they would have been immaterial for the determination of the case. So far as the findings actually made and objected to are concerned, we are of the opinion that they are supported so far as they are material by evidence appearing in the record.

254 

The last assignment is that the trial court erred in not granting a new trial. This assignment is divided into three parts, but, the trial being to the court, the only one worthy of discussion is that referring to newly discovered evidence. We have examined the affidavits in support of the motion on this ground, and think they are not such that we could affirmatively say the court abused its discretion in refusing to grant a new trial. It appearing that there is no error in the record requiring a reversal of the judgment, it is ordered that the same be, and it is hereby, affirmed.

McALISTER and ROSS, JJ., concur.