[Civil No. 2772.   Filed October 17, 1929.]

[281 Pac. 213.]

JOHN L. IRVIN, Doing Business as JOHN L. IRVIN REALTY COMPANY, Appellant, v. DWIGHT B. HEARD INVESTMENT COMPANY, a Corporation, and DWIGHT B. HEARD, Appellees.

See Appeal and Error, 3 C. J., sec. 1605, p. 1441, n. 50; 4 C. J., sec. 2406, p. 593, n. 48; sec. 2440, p. 609, n. 9.
Attorney and Client, 6 C. J., sec. 147, p. 643, n. 6.

Messrs. Croaff & Conway and Mr. H. S. McCluskey, for Appellant.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Appellees.

PER CURIAM.—This matter is before the court on a motion to strike appellant's brief and to dismiss the appeal. Ordinarily we do not write opinions on motions, but situations analogous to the one involved in the present case have arisen so often recently that it seems best, in order that counsel throughout the state may be advised of the attitude of this court towards such motions, that we depart from our usual custom.

John L. Irvin, hereinafter called appellant, brought suit against Dwight B. Heard Investment Company, a corporation, and Dwight B. Heard, hereinafter called appellees, in the superior court of Maricopa county. From the judgment rendered therein appellant gave notice of appeal on May 19th, 1928, and filed his abstract of record in this court on September 5th. The time for him to file his opening brief was extended by various stipulations to December 10th, but up to June 10th, 1929, no brief had been filed.

On that date this court, of its own motion and as preparatory to clearing the calendar of cases wherein the appeal had been abandoned, sent out notices to counsel for appellants in all cases where they were in default with abstracts of record or briefs for what seemed to be an unreasonable time to show cause within ten days why the appeal should not be dismissed for want of prosecution. Among the cases in

which such notice was sent was the present one. No showing was made or attempted by appellant's counsel within the time specified in the notice. On June 20th, Honorable H. S. McCluskey entered his appearance as associate counsel for appellant, not having been employed in the case before, and on June 24th he filed a motion for leave to file a brief on behalf of appellant. On this same day appellees filed a motion to dismiss the appeal for want of prosecution. The former motion was granted and the other denied. Thereafter appellees filed a motion to strike appellant's brief, and the court, after considering the record, ordered that an oral hearing be had at which it would also review the merits of appellant's motion for leave to file his brief. This hearing was had October 7th, 1929, and it was orally stipulated the court should consider all questions involved in both motions on the record and the facts developed at the hearing.

At such hearing counsel, who had alone represented appellant from June 13th, 1928, to Mr. McCluskey's appearance on June 20th, 1929, stated that he alone was responsible for the failure to file the brief in time, and offered no reasonable excuse for such failure. It also appeared from the records of the clerk's office that appellant knew his brief was in default long before, but relied on the representations of his attorney that the matter would be attended to.

Two reasons are suggested why the motion to strike the brief of appellant should be granted; one that his failure to make a showing within the ten days specified in the notice of June 10th automatically dismissed the appeal, and the other that no good cause was shown why permission to file the brief should be granted.

So far as the first position is concerned, it is not well taken. This court has power, at any time after appellants are in default and it considers they have failed to prosecute their appeal in a timely manner,

to dismiss the appeal for want of prosecution without notice. Courtesy, however, requires that they be given an opportunity to show any excuse they may have for their default, and it is for this reason the court gives them notice of its contemplated action. If appellants make no showing, they have no ground for complaint if the court dismisses the appeal at its convenience, but, until an order of dismissal is actually entered, the appeal still stands, and the court may, in its discretion, permit them to proceed with their record. Nay, further, it may even set aside a formal order of dismissal and thereafter grant a further extension of time, if it appears proper, the only limitation on its jursdiction being that it cannot extend the time for the original taking and perfecting of the appeal.

This brings us to the question of whether the court should have exercised its undoubted discretion and permitted the filing of appellant's brief. While to a certain extent each motion must stand on its own facts, yet there are general principles which we think should guide the court in its action in cases like this.

It is the universal rule that courts in cases where the parties are represented by counsel deal only with the counsel and not with the litigants. The former are the agents of the latter, and within the scope of their authority their action is binding on the client. Notice to and knowledge of the attorney in all matters pertaining to the conduct of the suit is notice to and knowledge of the client. When, therefore, through the negligence or misconduct of the attorney for an appellant, the time wherein a certain act is to be done has elapsed, as an ordinary thing that time should not be extended by the court against the protest of the appellee. If the client be prejudiced thereby, he has his remedy in a suit for malpractice against his counsel. Having voluntarily reposed confidence in such counsel and held him out to the court

and opposing counsel as his representative, he cannot repudiate his action or inaction in the conduct of the suit, so far as such repudiation might affect the action of the court, past or prospective, or the rights of his opponent, except perhaps when a denial of such right would in effect perpetrate a fraud against him.

We hold, therefore, that where the cause of a default on behalf of an appellant is the inexcusable carelessness, forgetfulness or negligence of his counsel, in the absence of an extraordinary showing on the part of the client the time will not be extended or the default set aside.

In the present case counsel offered no legitimate excuse for his negligence, and the client has made no showing justifying or taking the case out of the rule. The motion to strike the brief of appellant is granted.

It necessarily follows that the appeal should be dismissed, and it is so ordered.