408 P.2d 852

Russell F. LONG, Appellant,

v.

ARIZONA PORTLAND CEMENT COMPANY, Walter H. Coleman and G. L. Gibbons, dba Arizona Cement Transporation Co., Appellees.*

I CA–CIV 86.

Court of Appeals of Arizona.

Dec. 15, 1965.

Rehearing Denied Jan. 7, 1966.

Review Denied Jan. 25, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that Court's No. 8226. The matter was referred to

this Court pursuant to Section 12–120.23 A.R.S.

Alan Philip Bayham, Phoenix, for appellant.

Boyle, Bilby, Thompson & Shoenhair, by Ralph W. Bilby, Marvin S. Cohen, Tucson, Chandler, Tullar, Udall & Richmond, by Thomas Chandler, Jack I. Redhair, Tucson, for appellees.

STEVENS, Chief Judge.

This opinion relates to the right of a plaintiff to refuse to appear for trial where a timely request for a jury was made and the case was set for trial to the Court without a jury. ·It is necessary to set forth the. chronology in some detail.. On 16 April 1958, the appellant, herein as plaintiff, filed a Civil action charging the defendants with conspiring in certain monopolistic practices to his detriment. A motion to dismiss was granted and a judgment of dismissal· was entered. On 15 June 1961 in the case of Long v. Arizona Portland Cement Company, reported in 89 Arizona at page 366 and in 362 P.2d at page 741, the Arizona Supreme Court reversed the dismissal and reinstated the action. Thereafter new counsel undertook to represent the plaintiff.

Effective 1 January 1962, the Arizona Supreme Court adopted the Uniform Rules of Practice of the Superior Court of Arizona. These Rules are found in Volume 17 of the Arizona Revised Statutes, they supplement the Rules of Civil Procedure found in Volume 16 of the Arizona Revised Statutes and the rules cited in this ·opinion have been modified since the trial court decision now under consideration. The Rules of Civil Procedure adopted in Arizona follow the Federal Rules very closely· and Rule 16 thereof relates to pretrials. This Rule was supplemented and in a sense enlarged by Rule 6 of the Uniform Rules of Practice. Prior to the 8 March 1965 amendment of this Rule, the same required that each attorney at least five days before the scheduled pretrial conference, serve and. file a memorandum which memorandum, would include, among other things,

"[a] list of all exhibits which he expects to offer at the trial, together with a description sufficient to identify each exhibit".

At the conclusion of the pretrial conference, the Rule requires the court to enter a pretrial order which shall, among other things, set forth "the trial date".

Anticipatory to the pretrial conference and when the case becomes at issue, Rule 5 of the Rules of Practice (before the 1965 amendment) required the filing of a motion to set and a certificate of readiness. Therein the jury demand must be made or such demand is waived. On 26 April 1962,

the motion to set and the certificate were filed and a due and proper jury demand was set forth therein.

On 24 April 1963, this cause was permanently assigned to the Honorable Fred J. Hyder. On 30 April 1963, a minute entry order was entered directing that a pretrial be held on 21 June 1963, a copy thereof having been sent to the attorneys of record. On the same day Judge Hyder entered a formal written order setting the pretrial date, a copy of which was also sent to the attorneys of record. This order contained in part the following language:

> " * * * Your attention is invited to all of the rules relating to pretrial and matters anticipatory thereto. You are reminded that a pretrial memorandum must be served on all counsel and a copy thereof must be mailed to the pretrial judge herein specified at least five days prior to the pretrial conference. Also it should be noted that Rule of Practice VI(e) provides for imposition of sanctions for failure to appear or comply with the pretrial rules. * * *"

On 9 May 1963, the present attorney for the appellant became the attorney of record for the plaintiff below and there is no indication that he did not then receive the complete file including the copies of the minute entry order and the formal written order relative to the pretrial. All counsel for the plaintiff have been residents of Phoenix and at all times the attorneys for the defendants have been residents of Tucson, a City approximately 125 miles distant from Phoenix. Plaintiffs present attorney was then a sole practitioner and as with many sole practitioners, he shared offices from time to time with other attorneys. One attorney who shared office space with him was Mr. Peterson who is now deceased.

It appears from the record and from the argument that as the 21st day of June approached Mr. Bayham was engrossed in a jury trial and that as of the 21st day of June he was scheduled to travel to an adjoining state to take a deposition. The jury trial then in progress was continued to enable the taking of the deposition. Late in the afternoon of the 20th of June, Mr. Bayham asked Mr. Peterson to take care of Mr. Bayham's numerous 21 June engagements including the pretrial. An effort for the continuance of the pretrial was to be made. No phone call was made to Tucson to request a stipulation for a continuance or to forestall the travel of the attorneys to the City of Phoenix. On 14 June one attorney mailed his pretrial memorandum from Tucson to Mr. Bayham and it was filed on 17 June and on 17 June the other attorney mailed his pretrial memorandum to Mr. Bayham and it was filed on 18 June. Mr. Bayham did not file a pretrial memorandum. Mr. Bayham urges that this cause is one which by its nature requires the introduction of considerable documentary evidence.

Mr. Chandler and Mr. Bilby came from Tucson to Phoenix on 21 June to attend the pretrial conference and by reason of the many responsibilities that Mr. Peterson endeavored to discharge in behalf of Mr. Bayham, he was a few minutes late in arriving at the pretrial conference. The minute entry in relation to the conference showed the presence of counsel and,

> " * * * IT IS ORDERED that a pretrial order would serve no useful purpose, and this cause on stipulation of counsel will be tried to the Court and is set for Thursday, October 3, 1963 at 9:30 a. m."

The record shows that copies of this minute entry were mailed to counsel.

It appears that on the 2nd day of October Mr. Bayham inquired of the court and was informed that the 3 October date which appeared on Mr. Bayham's office docket was not a date to which the pretrial had been continued (as yet no pretrial memorandum had been prepared) but was in fact the trial date to the court without a jury. As his argument to this Court discloses, Mr. Bayham talked to his client and

advised his client that the case had been set to the court without a jury, he told his client that he should appear at the designated time and Mr. Long on his own, elected to remain absent unless there be a jury present. Mr. Bayham, Mr. Bilby and Mr. Chandler all appeared at the trial at which time Mr. Bayham informed the court that his client would not be present without a jury and that Mr. Peterson had no authority to waive a jury. The court then entered the following order:

"* * * The record may show this case was regularly set for trial to the Court and the plaintiff fails to appear in person and counsel for the plaintiff stated to the Court that he is unable to proceed.

"It is ordered that this case be dismissed for failure of prosecution.

It is further ordered that defendants have costs herein incurred and expended."

This order was reduced to a formal written judgment, a motion for new trial was filed, affidavits in support of and in opposition to the motion for new trial were filed and the motion was denied. The exact date when Mr. Bayham became consciously aware of the content of the 21 June order dispensing with a jury is not clear. The record is clear that he had never adequately prepared himself for a pretrial much less for a trial. The affidavits appear to create an issue as to whether the trial judge stated that if Mr. Peterson did not produce all of the exhibits at the pretrial then the exhibits not produced could not be introduced into evidence or in the alternative, that a jury trial could be waived and freedom to introduce the exhibits would then be present. The veracity of the record has not been attacked. The order was within the discretion of the pretrial judge in that under Rule 6 of the Uniform Rules of Practice for failure to comply with the rules,

"* * * the pretrial judge shall make such order as he deems appropriate,

* * * or impose upon either counsel further sanctions * * *."

Mr. Long was bound by the agreement of counsel made in open court as reflected in the minutes. Rule 39(a) (1) of the Rules of Civil Procedure expressly recognizes that the jury trials may be waived by oral stipulations entered in the record. Irvin v. Dwight B. Heard Investment Co., 35 Ariz. 528, 281 P. 213 (1929), Coconino Pulp and Paper Company v. Marvin, 83 Ariz. 117, 317 P.2d 550 (1957).

When Mr. Long chose to not make a personal appearance in a case wherein his personal presence was essential to enable his attorney to proceed with the trial, the court had no alternative other than to dismiss the case. His voluntary non-appearance after personal knowledge is even more pronounced than was the absence of litigants in the recent cases of Bloch v. Bentfield, 1 Ariz.App. 412, 403 P.2d 559 (1965) and Gillette v. Lanier, 2 Ariz.App. 66, 406 P.2d 416 (1965). It was incumbent upon Mr. Long to stand trial and to present to the best of his ability the case which he had against the defendants and if the result was not then satisfactory, he had a right to appeal. When he, through his attorney, told the court, in effect, "I will try this case on my terms or not at all", he cannot complain that the case was tried "not at all".

We find no error.

The appellee Gibbons urges that no proper appeal was taken as to him. We need not decide this issue.

The judgment is affirmed.

DONOFRIO, J., and JOHN A. McGUIRE, Superior Court Judge, concurring.

NOTE: Judge James Duke Cameron having requested that he be relieved from consideration of this matter, Judge John A. McGuire was called to sit in his stead and participate in the determination of this decision.