427 P.2d 360

**H. Steven HACKIN, Appellant,**

**v.**

**FIRST NATIONAL BANK OF ARIZONA, PHOENIX, a national banking association, and L. C. Boies, Sheriff of Maricopa County, Arizona, Appellees.**

**1 CA–CIV 258.**

Court of Appeals of Arizona.

May 1, 1967.

---

3. No question was presented here, as in the *Palmer* case, that the requisites of Rule 180 were not followed.

Stewart & Pickrell, by Harry A. Stewart, Jr., Phoenix, for appellant.

Kramer, Roche, Burch, Streich & Cracchiolo, by Earl E. Weeks, Phoenix, for appellee, First Nat. Bank.

Robert K. Corbin, County Atty., by Frederic W. Heineman, Deputy County Atty., for appellee L. C. Boies, Sheriff.

STEVENS, Judge.

This appeal relates to the propriety of the entry of an order and judgment dismissing the complaint of the plaintiff-appellant with prejudice by reason of his failure to appear for the trial.

H. Steven Hackin will hereinafter be referred to as "plaintiff Hackin." The

defendants were H. S. Hackin, also known as H. Samuel Hackin and Charlotte E. Hackin, his wife; the First National Bank of Arizona, Phoenix; and L. C. Boies in his official capacity as Sheriff of Maricopa County. In this opinion the parties-defendant will be referred to as follows: Mr. and Mrs. Hackin collectively will be referred to as "defendants Hackin." H. Samuel Hackin individually will be referred to as "defendant Hackin." Mrs. Charlotte E. Hackin will be referred to as "Mrs. Hackin." The First National Bank will be referred to as the "Bank," Sheriff Boies will be referred to as the "Sheriff." The plaintiff Hackin is the son of the defendants Hackin.

The cause now before us was filed on 10 August 1962. The plaintiff Hackin alleged that he entrusted $15,000 in cash, his property, to the defendants Hackin who placed the cash in their safe deposit box located in the main office of the Bank. After the money had been placed in the safe deposit box and prior to 10 August 1962, the Bank filed two civil actions, numbered 140398 and 140475, against the defendants Hackin, the plaintiff Hackin not being a party to either action. The Bank secured entry to the safe deposit box by writs of attachment removing therefrom a sum of money in excess of $15,000.

The plaintiff Hackin alleges that his $15,000 was part of the money taken from the safe deposit box by virtue of the writs of attachment. As can be seen from the case numbers wherein the writs of attachment issued, and the case number of the case now before us, the current case was filed shortly after the cases wherein the Bank was the plaintiff. In the case now before us, the attorney for the plaintiff Hackin was not the attorney who represents him on the appeal.

In the case now before us, all defendants were served with process. The defaults of the defendants Hackin were entered and neither of these defendants made a formal appearance in the case. The Bank appeared and successfully urged a motion to dismiss for the failure to state a claim for relief. This order was entered on 19 September 1962.

On 2 November 1964, the case was permanently assigned to the Honorable Kenneth C. Chatwin, one of the resident Judges of the Superior Court for Maricopa County. Judge Chatwin entered an order directing that a pretrial conference be held. Thereafter, and on 11 January 1965, Judge Chatwin denied the Sheriff's motion to dismiss and granted the Bank's motion for leave to intervene. The Sheriff was then granted leave to file a cross-complaint against the Bank.

At the pretrial conference the plaintiff Hackin was represented by his attorney and the Bank and the Sheriff were represented by their attorneys. The safe deposit box lease agreement between the Bank and the defendants Hackin was received in evidence. Attached thereto, as a part of the exhibit, was an authorization which permitted the plaintiff Hackin to enter the safe deposit box. The case was set for trial to a jury for 29 March 1965, the order containing a proviso that: "(No other notice of trial setting will be furnished to counsel.)" The minutes disclose a "Mailed Notices" endorsement by the Office of the Clerk of the Superior Court from which we must assume that the Clerk mailed a copy of the minute entry order to the attorneys who appeared, but not to the defendants Hackin. Amended Rule 77(g) of the Rules of Civil Procedure, 16 A.R.S., is the rule relative to mailing and provides, in part:

"Immediately upon the entry of an order * * * the clerk shall serve a notice of the entry by mail * * * upon every party affected thereby who is not in default for failure to appear, and shall make a note in the docket of the mailing. The mailing is sufficient notice for all purposes for which notice of the entry of an order is required by these Rules * * *."

Thereafter a written stipulation, signed by the attorneys of record was filed, and

pursuant thereto, an order was entered vacating the 29 March setting and re-setting the cause for trial for 15 June. The record discloses that a copy of this minute entry order was mailed by the Clerk of the Court. It does not disclose that a copy thereof was mailed to the defendants Hackin.

Under date of 14 June there is a minute entry order which discloses the presence of the attorneys of record with a certificate of mailing by the Clerk. This order reads:

"On stipulation, IT IS ORDERED that the trial setting of June 15, 1965, is vacated, and this matter is referred back to the Court Administrator for reassignment for trial on July 12, 1965.

"IT IS FURTHER ORDERED that if the parties are not ready to proceed to trial by July 12, 1965, that this cause will be dismissed."

A further minute entry order was entered on 28 June, the minutes disclosing the presence of the attorney for the plaintiff Hackin and the attorney for the Bank. The order recited, "Good cause appearing therefor" that the then attorney for the plaintiff was granted leave to withdraw. These minutes disclose that a copy of the order was mailed to the plaintiff Hackin at Laveen, Arizona.

The cause came on for trial before Judge Cordova on 16 July 1965, the plaintiff Hackin was absent, the defendant Hackin was present in person, the Bank and the Sheriff were present by their counsel and defendants announced ready for trial. Mr. Stewart made his initial appearance in the case and, by order of the court, was substituted as the attorney for the plaintiff Hackin. A hearing was had. A plaintiff's motion for a continuance of two weeks was denied. The case was dismissed with prejudice and this appeal followed.

The record does not disclose the age of the plaintiff Hackin. We assume that he was a minor at the time the suit was filed in view of the fact that the caption shows that he filed suit by his next friend, a person not otherwise a party to the action. Rule 17(g), Rules of Civil Procedure, provides in part:

" * * * If an infant or incompetent person does not have a duly appointed representative he may sue by his next friend or by a guardian ad litem. * * "

At the hearing on 16 July, the following document was marked in evidence:

"No. 140995

MOTION TO WITHDRAW AND NOTICE

"COMES NOW, * * *, attorney for Plaintiff, respectfully moves this Court for an order permitting said attorney to withdraw as counsel for Plaintiff in the above-entitled matter ·upon the grounds and for the reasons set forth herein:

"1. That heretofore this attorney withdrew as attorney for Plaintiff's father, H. S. HACKIN in Cause No. 140687 and 141026 consolidated.

"2. That Plaintiff's parents are Defendants in this action, although this attorney nevertheless believes that there is a close family relationship between the Plaintiff and his parents. The reasons for withdrawing from the afore-men-. tioned consolidated action are appropriate for this motion in that this attorney believes that he can no longer successfully communicate with or represent the Plaintiff. The Court is respectfully referred to that motion.

"That because of the foregoing reasons, counsel does not feel that he can furnish the said Plaintiff with adequate representation in this matter and accordingly, requests this Court for an order granting him relief to withdraw.

* * * * * *

NOTICE

"TO: H. Steven Hackin, Laveen, Arizona; H. S. Hackin and his wife, Laveen, Arizona; Earl E. Weeks, Kramer, Roche, Burch & Streich, Attorneys for Defendant First National Bank of Ari-

zona, 567 First National Bank Bldg., Phoenix, Arizona; John Golden, Deputy County Attorney, Superior Court Bldg., Phoenix, Arizona, Attorney for Defendant Boise.

"You and each of you will please take notice that the foregoing motion to withdraw will be urged before the above-entitled Court, in Division No. 6 thereof on Monday the 28th day of June, 1965 at the hour of 1:30 o'clock, P.m. or as soon thereafter as counsel may be heard.

\* \* \* \* \* \*"

There then follows a certificate of mailing to the persons at the addresses stated above. We assume that the original of this document was the basis for the order entered on 28 June. Although the designation of record on appeal requests that the Clerk of the Superior Court forward, among other papers, "All motions filed or made in open court," the original of the motion was not forwarded. We, therefore, assume that the original was not filed with the Clerk.

■ In support of the motion for a continuance which was made in open court at the time of the 16 July hearing, the defendant Hackin and attorney Stewart were both sworn and testified. The appellees urged that the motion for continuance was not proper, asserting that it did not comply with Rule 42(c) of the Rules of Civil Procedure. This rule states:

"42(c) Postponement of trial. When an action has been set for trial on a specified date by order of the court, no postponement of the trial shall be granted except for sufficient cause, supported by affidavit, or by consent of the parties, or by operation of law."

There was no affidavit filed by the plaintiff Hackin or any document in affidavit form in support of the motion for continuance. The rule does not specify the person who must make the affidavit. We hold that the sworn testimony of witnesses with the right of cross-examination fulfills the rule requirement that the application be "supported by affidavit."

In relation to the motion to withdraw, it is appropriate to examine Rule XII of the Uniform Rules of Practice, 17 A.R.S. In part, this rule provides:

"XII. Duties of Counsel

\* \* \* \* \* \*

"(c) Withdrawal and substitution. No attorney shall be permitted to withdraw, or be substituted, as attorney of record in any pending action except by order of court, supported by written application setting forth the reasons therefor together with the name and residence of the client, as follows:

\* \* \* \* \* \*

"(2) Where such application does not bear the written approval of the client, it shall be made by motion and shall be served upon the client and all other parties or their attorneys;

"(3) No attorney shall be permitted to withdraw as attorney of record after an action has been set for trial, unless there shall be endorsed upon the application therefor either the signature of an attorney stating that he is advised of the trial date and will be prepared for trial, or the signature of the client stating that he is advised of the trial date and has made suitable arrangements to be prepared for trial."

This rule seeks to avoid situations similar to those set forth in Illinois Bankers Life Association v. Theodore, 47 Ariz. 314, 55 P.2d 806 (1936). The motion quoted above does not bear the signature of the plaintiff Hackin. The motion does not bear "\* \* \* the signature of an attorney stating that he is advised of the trial date and that he will be prepared for trial \* \*."

■ The motion is not based upon any differences which have developed between the plaintiff Hackin and his attorney. The request for leave to withdraw was based upon the attorney's disagreements with the defendants Hackin in Civil Causes Numbered 140687 and 141026. Mr. Stewart testified at the hearing that he became attorney for the defendants Hackin in

the last mentioned Superior Court causes. This Court does not take judicial notice of Superior Court files which have not been forwarded to this Court. This Court will take judicial notice of matters of record in this Court. The last numbered Superior Court civil files were in issue in our Cause No. 1 CA–CIV 450 and are mentioned in our opinion in that cause being the case of Hackin v. Superior Court, 4 Ariz.App. 190, 419 P.2d 94 (1966). This opinion was reviewed by the Arizona Supreme Court which rendered its decision on 22 March 1967, 102 Ariz. 93, 425 P.2d 420. There is also a new appeal which has been lodged in this Court in relation to the last numbered civil causes, being our number 1 CA–CIV 564. It is a mild statement to say that the records are voluminous. The plaintiff Hackin does not appear as a party in either of the last numbered civil cases.

The defendant Hackin testified. This testimony set forth the following facts. He is the father of the plaintiff Hackin. The Laveen, Arizona mailing address of the plaintiff Hackin is the same as that of the defendants Hackin. The plaintiff Hackin lives with the defendants Hackin except while attending "school * * * at Tucson." Immediately following the termination of the school year, the plaintiff Hackin went to Lake Tahoe where, as of the date of the hearing, "He is a dishwasher and he has a car parking job."

The copy of the motion for leave to withdraw, which was received in evidence at the hearing, is the copy which the defendant Hackin received in the mail. At about the time he received the same he was notified by the Post Office Department that there was a certified letter addressed to the plaintiff Hackin. He advised the Post Office Department as to the Lake Tahoe address of the plaintiff Hackin. Shortly thereafter and before the granting of the motion for leave to withdraw, there was a long distance telephone conversation between the plaintiff Hackin and his mother. About that time the defendant Hackin attempted to engage the services of Attorney Stewart to represent the plaintiff Hackin. Mr. Stewart advised that he would have to think about it and that it would be necessary for the defendants Hackin to secure the files from the attorney who had been permitted to withdraw. In the short time interval Mr. Stewart was thereafter hospitalized and thereafter took a vacation of a few days. The next conversation between Mr. Stewart and the defendant Hackin concerning the case which we are now considering occurred in the neighborhood of 6:00 or 6:30 in the morning of the day of the hearing before Judge Cordova.

The defendant Hackin testified that he did not know the trial dates or of any correspondence addressed to the plaintiff Hackin which would inform the plaintiff Hackin as to the then current trial date. The defendant Hackin testified briefly that $15,000 of the money which was in the safe deposit box which was attached by the Bank, was the money of the plaintiff Hackin. He was not cross-examined with reference to this statement.

The thrust of the argument of the appellees is that the plaintiff Hackin is chargeable with knowledge possessed by the former attorney and with any knowledge which the defendant Hackin may have had. The appellees urge that in some manner the defendant Hackin was the agent of the plaintiff Hackin and that any oversights on the part of the defendant Hackin could be used to the prejudice of the plaintiff Hackin.

Judge Cordova called Mr. Stewart's attention to the language of the 14 June order which was to the effect that if the case did not proceed to trial the cause would be dismissed. The record does not disclose the representations which were made to Judge Chatwin at the time the order was entered. This Court can understand Judge Chatwin's desire that causes be tried and be not subject to repeated continuances. This Court can understand Judge Cordova's reluctance to grant a continuance in the face of the language contained in Judge

Chatwin's order. We are here concerned with the rights of a young man, probably a minor at the time of the filing of the action, a young man who, for all that appears in the record, was not actually informed as to the trial date.

■ We recognize that normally a client is bound by the knowledge of his attorney. Bigsby v. Eppstein, 39 Okl. 466, 135 P. 934 (1913); Eaton v. State, Okl. Cr., 418 P.2d 710 (1966). We recognize that normally a client is bound by the legal representation afforded by his attorney. Long v. Arizona Portland Cement Company, 2 Ariz.App. 332, 408 P.2d 852 (1966). We recognize that where a client wilfully or negligently fails to keep in touch with an attorney so that the attorney cannot properly inform him as to the pending litigation that he cannot complain because he does not realize the date of the trial. Wright v. Burhart, 35 Ariz. 246, 276 P. 837 (1929). The record does not disclose that situation in this case. It is hard for us to believe that a young man who attends "school * * * at Tucson," who works in the summer as a dishwasher and car parker, has no interest in a case wherein he seeks to recover $15,000 which he claims to be his. The record discloses that the attorney withdrew not because he was unhappy with his client, but because he was unhappy with his client's father.

The Bank complains of delay. Yet, on 11 January 1965, the Bank's request for leave to intervene was granted after it had, on 19 September 1962, successfully urged its motion to dismiss.

■ An appellate court will not disturb the ruling of the trial court in the exercise of that court's discretion unless there has been an abuse of discretion. Brown v. Haymore, 43 Ariz. 466, 32 P.2d 1027 (1934); Nordale v. Fisher, 93 Ariz. 342, 380 P.2d 1003 (1963). It is our opinion that the plaintiff Hackin should not be prejudiced by the fact that his former attorney represented his father and at the last minute, became disenchanted with his father. It is not the conduct of the father but the rights of the son with which we are here concerned. It is our opinion that there was an abuse of discretion in the dismissal of this cause and the denial of a brief continuance.

The judgment of dismissal is reversed with directions to reinstate Civil Cause No. 140995.

CAMERON, C. J., and DONOFRIO, J., concur.