NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

MARTHA C., K.C., K.C., *Appellants*,

*v.*

DEPARTMENT OF CHILD SAFETY, R.C., E.C., S.C., S.C., *Appellees*.

No. 1 CA-JV 16-0426
FILED 4-27-2017

Appeal from the Superior Court in Yavapai County
No.  P1300JD201500067
The Honorable Anna C. Young, Judge

**AFFIRMED**

COUNSEL

Law Office of Florence M. Bruemmer P.C., Anthem
By Florence M. Bruemmer
*Counsel for Appellant Martha C.*


Robert D. Rosanelli Attorney at Law, Phoenix
By Robert D. Rosanelli
*Counsel for Appellants K.C. and K.C.*

## MEMORANDUM DECISION

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

**¶1**        Martha C. (Mother) appeals the juvenile court's order denying her motion to set aside the court's finding that she lacked good cause for failing to appear at the initial termination hearing. Additionally, Mother, along with K.C. and K.C. (the Older Children), appeal the court's order terminating Mother's parental rights to the Older Children, arguing termination was not in their best interests.[1] For the following reasons, we affirm.

### FACTS[2] AND PROCEDURAL HISTORY

**¶2**        In August 2015, DCS assumed physical custody of the Older Children and the Younger Children (collectively, the Children) after their father (Father) sought DCS's assistance because he was unable to feed them and provide safe and stable housing. DCS then filed a dependency petition alleging the Children were dependent as to Mother on the grounds of abuse

---

[1]        Neither the Department of Child Services (DCS) nor R.C., E.C., S.C., or S.C. (the Younger Children) filed an answering brief. Although we may consider such failure a confession of error, we are not required to do so. *See Hodai v. City of Tucson*, 239 Ariz. 34, 45, ¶ 36 (App. 2016) (citing *In re 1996 Nissan Sentra*, 201 Ariz. 114, 117, ¶ 7 (App. 2001), and *Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014)). In our discretion, we choose to address the merits of the appeal.

[2]        We view the facts in the light most favorable to upholding the juvenile court's orders. *See Marianne N. v. Dep't of Child Safety*, 240 Ariz. 470, 471 n.1, ¶ 1 (App. 2016) (citing *Ariz. Dep't of Econ. Sec. v. Matthew L.*, 223 Ariz. 547, 549, ¶ 7 (App. 2010)).

and neglect.[3]  The juvenile court adjudicated the Children dependent as to Mother and approved a case plan of family reunification.  The court also ordered DCS to provide Mother with services consisting of psychological treatment, urinalysis testing, supervised visitation, parenting classes, and a parent aide.

¶3            In November 2015, Mother missed a psychological evaluation because she had relocated from Yavapai County to Maricopa County.  During supervised visitation, Mother's affect was appropriate, and she did not present any safety concerns.  However, Mother tested positive for methamphetamine and did not participate in substance abuse services or parenting classes.  DCS also expressed concern regarding Mother's "untreated mental health" issues.

¶4            DCS lost contact with Mother in December 2015.  Six months later, the Children's guardian ad litem (GAL) moved to terminate Mother's parental rights, alleging Mother had abandoned and neglected the Children and was unable to discharge parental responsibilities because of mental illness and chronic substance abuse.  *See* Ariz. Rev. Stat. (A.R.S.) § 8-533(B)(1)-(3).[4]  An initial severance hearing was scheduled for July 2016.

¶5            At the initial severance hearing, Mother's counsel informed the juvenile court she had lost contact with Mother.  The court found Mother had been served with the motion for termination, and, therefore, her failure to appear would be deemed an admission to the motion's allegations.  One month later, Mother moved to set aside the finding she lacked good cause for her failure to appear because, although her counsel had received the motion for termination, Mother became homeless in December 2015, did not have a telephone by which counsel could contact her, and did not have a means of transportation to travel from Maricopa County to Yavapai County for the hearing.  The court denied Mother's motion.

---

[3]      DCS also alleged the Children were dependent as to Father.  The Children were found dependent as to Father, and his parental rights were terminated in September 2016.  He did not contest the severance motion, did not appeal the termination of his parental rights, and is not a party to this appeal.

[4]      Absent material changes from the relevant date, we cite a statute's current version.

**¶6**        The juvenile court held a pretrial conference in September 2016. Mother again failed to appear. The DCS case manager testified Mother had not completed any recommended services, was unable to discharge her parental responsibilities due to untreated mental illness, and had abandoned the Children. Although the case manager advised no services had been arranged for Mother in Maricopa County, where Mother had purportedly resided for several months, she noted she was unable to do so because Mother never provided DCS an address.

**¶7**        The case manager further testified the Children were adoptable, although adoptive placements had not been located for all the Children. The case manager also reported that the Older Children, then ages sixteen and thirteen, did not want to be adopted, but she nonetheless believed termination of Mother's parental rights was still in the Children's best interests.

**¶8**        At the conclusion of the hearing, the juvenile court ordered the Older Children be provided separate counsel to advocate for their best interests as to placement. The court then found DCS had made diligent efforts to provide appropriate rehabilitative services, the GAL had proven all three grounds for severance by clear and convincing evidence, and severance was in the Children's best interests by a preponderance of the evidence. Accordingly, the court entered an order terminating Mother's parental rights. Mother and the Older Children timely appealed. We have jurisdiction pursuant to A.R.S. §§ 8-235(A), 12-120.21(A)(1), -2101(A)(1), and Arizona Rule of Procedure for the Juvenile Court 103(A).

## DISCUSSION

### I.    Mother Did Not Have Good Cause for Her Failure to Appear at the Initial Severance Hearing.

**¶9**        Mother first seeks review of the denial of her motion to set aside the juvenile court's finding that she waived her right to contest the allegations within the motion for termination because she failed to appear at the initial termination hearing without good cause. We review a finding that a parent lacked good cause for her failure to appear, and the court's decision on a motion to set aside judgment, for an abuse of discretion. *See Marianne N.*, 240 Ariz. at 474, ¶ 15 (finding that a parent failed to appear without good cause) (citing *Adrian E. v. Ariz. Dep't of Econ. Sec.*, 215 Ariz. 96, 101, ¶ 15 (App. 2007)); *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 303, ¶ 12 (App. 2007) (motion to set aside). We will reverse the court's order only if "the juvenile court's exercise of . . . discretion was manifestly

unreasonable, or exercised on untenable grounds, or for untenable reasons." *Marianne N.*, 240 Ariz. at 474, ¶ 15 (quoting *Adrian E.*, 178 Ariz. at 101, ¶ 15).

**¶10** In order to establish good cause for failing to appear at the initial termination hearing, Mother was required to prove "(1) mistake, inadvertence, surprise or excusable neglect exist[ed] and (2) a meritorious defense to the claims exist[ed]." *Christy A.*, 217 Ariz. at 304, ¶ 16 (citing *Richas v. Superior Court*, 133 Ariz. 512, 514 (1982), and then Ariz. R. Civ. P. 60(c)). "Excusable neglect exists if the neglect or inadvertence 'is such as might be the act of a reasonably prudent person in the same circumstances.'" *Id.* (quoting *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 163 (App. 1993)). Furthermore, "[a] meritorious defense must be established by facts and cannot be established through conclusions, assumptions or affidavits based on other than personal knowledge." *Id.* at 304-05, ¶ 16 (quoting *Richas*, 133 Ariz. at 517).

**¶11** In her motion to set aside, Mother acknowledged her counsel was served with the motion for termination. *See* Ariz. R.P. Juv. Ct. 64(D)(2) (directing service of a motion for termination in accordance with Arizona Rule of Civil Procedure 5(c)); Ariz. R. Civ. P. 5(c)(1) (requiring service after appearance be made upon a party's attorney); *Mara M. v. Ariz. Dep't of Econ. Sec.*, 201 Ariz. 503, 508, ¶ 28 (App. 2002) (concluding that although "service of process on counsel . . . may not in fact apprise a parent . . . of the pendency of termination proceedings, . . . it is a means reasonably calculated under the circumstances to notify the parent and to protect her rights"). However, Mother argued she should have been excused from attending the initial termination hearing because her counsel had no way of contacting her because Mother was "homeless and had no address," did not have the "financial means to obtain a telephone," and did not have transportation to the hearing.

**¶12** While we are sympathetic to the challenges Mother faced as a result of her living arrangements and financial limitations, we cannot say the juvenile court abused its discretion in concluding Mother's failure to maintain contact with her attorney, DCS, the GAL, or the court, was the act of a reasonably prudent person facing termination of her parental rights or otherwise sufficient to establish excusable neglect or good cause. *See Hackin v. First Nat'l Bank of Ariz., Phx.*, 5 Ariz. App. 379, 385 (1967) ("We recognize that where a client wil[l]fully or negligently fails to keep in touch with an attorney so that the attorney cannot properly inform him as to the pending litigation that he cannot complain because he does not realize the date of the trial.") (citing *Wright v. Burhart*, 35 Ariz. 246, 252-53 (1929)). Mother

received notice of the proceeding, and the court did not abuse its discretion in finding Mother did not prove excusable neglect.

¶13          Furthermore, Mother did not establish any meritorious defense to severance on the ground of neglect.[5] As to this ground, Mother argued only that DCS failed to make reasonable efforts to provide appropriate reunification services because it did not offer her services in Maricopa County.  DCS is not required to "provide every conceivable service," but must only provide the parent "with the time and opportunity to participate in programs designed to help him or her become an effective parent." *Tanya K. v. Dep't of Child Safety*, 240 Ariz. 154, 157, ¶ 11 (App. 2016) (quoting *Maricopa Cty. Juv. Action No. JS-501904*, 180 Ariz. 348, 353 (App. 1994)).  "Similarly, DCS is not required to leave the window of opportunity for remediation open indefinitely." *Id.* (citing *Maricopa Cty. Juv. Action No. JS-501568*, 177 Ariz. 571, 577 (App. 1994)).  The record reflects Mother was granted such an opportunity; however, because Mother never provided DCS with an address or any other means to contact her, she was not able to participate.  Again, Mother cannot infuse error into the proceedings through her failure to maintain sufficient contact with DCS or her attorney.  Accordingly, we find no abuse of discretion in either the juvenile court's finding that Mother lacked good cause for her failure to appear, or its denial of Mother's motion to set aside.

## II.      Sufficient Evidence Supports the Juvenile Court's Finding that Severance was in the Older Children's Best Interests.

¶14          Mother and the Older Children argue the juvenile court erred in finding that severance was in the Older Children's best interests.[6] *See Mary Lou C. v. Ariz. Dep't of Econ. Sec.*, 207 Ariz. 43, 47, ¶ 8 (App. 2004) (holding a statutory ground for severance cannot, alone, justify termination of parental rights; termination must also be "in the best interest of the child") (quoting *Michael J.*, 196 Ariz. at 249, ¶ 12); *see also* Ariz. R.P. Juv. Ct.

---

[5]          The moving party need only prove one statutory ground for severance.  *See Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 249, 251, ¶¶ 12, 27 (2000).  Because Mother has failed to establish a meritorious defense on the ground of neglect, we need not address her asserted defenses to the other grounds.

[6]          The Older Children do not challenge any of the statutory grounds for severance, and we rejected Mother's only asserted defense to severance on the grounds of neglect.  *See supra* ¶ 13.  Accordingly, the finding that severance was warranted on the ground of neglect is affirmed.

66(C) (requiring the moving party to prove by a preponderance of the evidence that termination of parental rights is in the child's best interests). Because the court is in the best position to weigh the evidence and credibility of the parties, we review the termination order for an abuse of discretion and will affirm if reasonable evidence exists to sustain the court's ruling. *See Mary Lou C.*, 207 Ariz. at 47, ¶ 8.

¶15        To prove severance is in the Older Children's best interests, the GAL was required to "show either that severance affirmatively benefits the children (such as showing they are adoptable or more stable in an existing placement), or eliminates a detriment to the children if the parent-child relationship is not severed." *Dominique M. v. Dep't of Child Safety*, 240 Ariz. 96, 98, ¶ 8 (App. 2016) (citing *Maricopa Cty. Juv. Action No. JS-500274*, 167 Ariz. 1, 6-7 (1990), and *Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 6 (App. 2004)).  The factors considered in making the best interests determination are "whether: [(]1) an adoptive placement is immediately available; [(]2) the existing placement is meeting the needs of the child; and [(]3) the children are adoptable." *Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 379, ¶ 30 (App. 2010) (citing *Audra T. v. Ariz. Dep't of Econ. Sec.*, 194 Ariz. 376, 377, ¶ 5 (App. 1998), and *JS-501904*, 180 Ariz. at 352). Furthermore, the juvenile court "may take into account that 'in most cases, the presence of a statutory ground [for severance] will have a negative effect on the children.'" *Bennigno R. v. Ariz. Dep't of Econ. Sec.*, 233 Ariz. 345, 350, ¶ 23 (App. 2013) (quoting *Maricopa Cty. Juv. Action No. JS-6831*, 155 Ariz. 556, 559 (App. 1988)).

¶16        Mother and the Older Children argue that the juvenile court was precluded from making a finding that the Older Children were adoptable because the Older Children have withheld their consent to be adopted.  Although A.R.S. § 8-106(A)(3) requires the court obtain the consent of "[a] child who is twelve years of age or older" before granting a petition to adopt that child, such consent is only required once a specific adoption is proposed to the court for its approval.  A minor child's failure to give consent to a specific adoptive placement at the time of the severance hearing does not render him terminally unadoptable.  Moreover, adoptability is just one factor in the best interests analysis. *See supra* ¶ 15.

¶17        Here, Mother's DCS case manager testified she believed severing Mother's parental rights to the Children was in their best interests. Evidence was presented the Older Children's current placement was meeting their needs and willing to care for them until they reached the age of eighteen, with or without a formal adoption. The record reflects Mother abandoned and neglected the Older Children and was otherwise unable or

unwilling to parent them as a result of mental illness or chronic abuse of dangerous drugs. Thus, the evidence supports the juvenile court's finding that severance would benefit the Older Children by providing them the opportunity for "a permanent, stable home" — precisely the type of home Mother had thus far been unable or unwilling to provide. Therefore, the juvenile court did not err in concluding severance was in the Older Children's best interests.

## CONCLUSION

¶18 The juvenile court's order terminating Mother's parental rights to the Children is affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA

8