NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CRYSTAL F., *Appellant,*

*v.*

DEPARTMENT OF CHILD SAFETY, L.S., *Appellees.*

No. 1 CA-JV 17-0500
FILED 5-8-2018

Appeal from the Superior Court in Maricopa County
No. JD530259
The Honorable Colleen L. French, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Maricopa County Legal Defender's Office, Phoenix
By Kathryn E. Harris
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Sandra L. Nahigian
*Counsel for Appellee Department of Child Safety*

_____

## MEMORANDUM DECISION

Judge Maria Elena Cruz delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge David D. Weinzweig joined.

_____

**C R U Z**, Judge:

**¶1**　　　　Crystal F. ("Mother") appeals the superior court's order terminating her parental rights. For the following reasons, we affirm.

### FACTUAL AND PROCEDURAL HISTORY

**¶2**　　　　Mother is the biological parent of L.S., born October 29, 2015.

**¶3**　　　　In August 2016, the Department of Child Safety ("DCS") took L.S. into custody after receiving reports that Mother and L.S.' father were neglecting her and engaging in domestic violence. On September 1, 2016, DCS filed a dependency petition, alleging L.S. was dependent because Mother neglected L.S. as a result of domestic violence and failed to protect her from her father's substance abuse. The superior court then entered an order setting hearings on the dependency petition, which included the following warning:

> You are hereby advised that your failure to appear without good cause may result in a finding that you waived your legal rights and have admitted the allegations in the Petition. In addition, *if you fail to appear without good cause, the hearings may go forward in your absence and may result in* an adjudication of dependency, *termination of your parental rights* or the establishment of a permanent guardianship based upon the record and evidence presented to the Court[.]

(Emphasis added.)

**¶4**　　　　On September 8, 2016, the court held a preliminary protective hearing, which Mother attended. The court provided Mother with Form 1, Notice to Parent in Dependency Action, and explained to Mother its contents advising her of her responsibilities and the consequences for her

2

failure to appear at future hearings.[1]  Mother indicated she understood Form 1's contents.  The preliminary protective order and order setting court hearings included similar language.

**¶5**        On November 17, 2016, the court held a contested dependency hearing.  Mother denied the allegations in the petition, but submitted the issue of dependency to the court for determination.  The court found the allegations true by a preponderance of the evidence and found L.S. dependent.  The court set a case plan of family reunification concurrent with severance and adoption.

**¶6**        Mother was referred for drug testing and substance-abuse treatment, but her referrals were closed due to failure to participate and lack of contact.  Mother entered into a sober living house, but was discharged before completing the program due to leaving after curfew, acting erratically, and eating oleander flowers and leaves.  Mother claimed she left because she did not like the rules.  Mother participated in parent-aide services, but missed some visits with L.S. and refused to attend one-on-one sessions, and failed to maintain contact with DCS.

**¶7**        On July 25, 2017, the court held a report and review hearing.  Mother did not appear.  The court changed the case plan to severance and

---

[1]        Form 1 provides:

> You are required to attend all court hearings.  If you cannot attend a court hearing, you must prove to the Court that you had good cause for not attending.  If you fail to attend the Pre-trial Conference, Settlement Conference, or Dependency Adjudication Hearing without good cause, the Court may determine that you have waived your legal rights and admitted the allegations in the dependency petition.  The Court may go forward with the Dependency Adjudication Hearing in your absence and may rule that your child is dependent based on the record and evidence presented.
> . . .
> If you do not participate in reunification services or fail to attend further proceedings without good cause, the Court may terminate your parental rights . . . .

Ariz. R.P. Juv. Ct., Form 1. Notice to Parent in Dependency Action.

adoption and set an initial severance hearing for August 22, 2017. The DCS case manager informed Mother of the change.

¶8         On August 14, DCS filed a motion to terminate the parent-child relationship, based on the grounds of six and nine months' out-of-home placement under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(a) and (b), and its notice of hearing on said motion.

¶9         Mother failed to appear at the August 22 initial severance hearing. The court continued the hearing to September 20, 2017. On August 31, Mother notified DCS that she had been in a car accident. Mother also notified DCS that she would be entering a rehabilitation service at Horizon Human Services in Casa Grande. Mother again failed to appear at the September 20 continued initial severance hearing. Mother's counsel stated he emailed Mother notice of the hearing.

¶10        The court found Mother was properly served, and continued the hearing to October 4, 2017. Mother again failed to attend the October 4 continued initial severance hearing. The court proceeded in Mother's absence. DCS believed Mother was in an inpatient facility, but stated Mother did have access to email communications with DCS because she had contacted them on August 31. After receiving evidence and testimony, the court terminated Mother's rights to L.S.

¶11        Mother timely appealed the termination order. We have jurisdiction pursuant to A.R.S. §§ 8-235, 12-120.21(A)(1), and 12-2101(A)(1).

## DISCUSSION

¶12        Mother argues the superior court violated her due process rights when it terminated her parental rights in absentia.

¶13        We review constitutional claims *de novo*. *Nash v. Nash*, 232 Ariz. 473, 481, ¶ 31 (App. 2013). However, even constitutional claims can be waived if not raised below. *State v. Lefevre*, 193 Ariz. 385, 389, ¶ 15 (App. 1998). Mother failed to raise her claim below, and so we review her unpreserved claim for fundamental error. *Brenda D. v. Dep't of Child Safety*, 243 Ariz. 437, 447, ¶ 37 (2018).

¶14        Parents have a fundamental right in the care, custody, and control of their children, but that right is not without its limitations. *Minh T. v. Ariz. Dep't of Econ. Sec.*, 202 Ariz. 76, 79, ¶ 14 (App. 2001). A court may sever a parent's rights if it finds by clear and convincing evidence one of the statutory grounds for severance, and finds by a preponderance of

evidence that severance is in the child's best interests. A.R.S. § 8-533(B); *Kent K. v. Bobby M.*, 210 Ariz. 279, 284, ¶ 22 (2005). If a parent fails to appear without good cause at the initial hearing, the court may, after finding procedural prerequisites have been met, invoke the substantive effects of that failure and proceed with termination in the parent's absence. *Brenda D.*, 243 Ariz. at 443, 448, ¶¶ 20, 32; Ariz. R.P. Juv. Ct. 66(D)(2).

¶15 To prevail on fundamental error review, Mother must demonstrate: (1) the court erred; (2) the error was fundamental; and (3) that prejudice resulted. *Brenda D.*, 243 Ariz. at 437-38, ¶ 38. An error is fundamental if it goes to the foundation of the case. *Id.* at 448. To prevail, Mother must affirmatively prove prejudice, and show that a reasonable fact-finder could have reached a different result. *Id.* Mother cannot rely on mere speculation. *State v. Dickinson*, 233 Ariz. 527, 531, ¶ 13 (App. 2013).

¶16 Mother claims the court deprived her of a fair trial due to its failure to provide her notice of the proceeding or that her rights could be terminated if she failed to attend.

¶17 Mother claims the court did not provide her notice that the court could proceed with termination in her absence, however a review of the record reveals she was provided such notice more than once. The court provided Mother with a Form 1 at the preliminary protective hearing in September 2016, included multiple warnings in its orders during the proceedings, and provided Mother's counsel with Form 3 before the initial termination hearing.[2] Mother was admonished several times by the court during proceedings of the consequences if she failed to appear, and cannot claim error in this regard.

¶18 Mother additionally claims the court did not provide her notice of the initial termination hearing. Mother did not challenge the court's determination that she failed to appear without good cause at the superior court, and so we review her due process claim for fundamental error only. *See Brenda D.*, 243 Ariz. at 447, ¶ 37.

---

[2] Arizona Rule of Civil Procedure 5(c)(1) provides that service of a termination motion be provided to counsel, which includes the admonishment, and while it may not provide actual notice, it is a manner of notice reasonably calculated to notify a parent of a pending termination proceeding and comports with due process. *See Mara M. v. Ariz. Dep't of Econ. Sec.*, 201 Ariz. 503, 508, ¶ 28 (App. 2002).

¶19 Mother failed to attend the July 25, 2017 hearing, at which the August 22 date for the initial hearing was set. Mother similarly failed to appear at the August 22 hearing, and the rescheduled September 20 hearing, in addition to the October 4 hearing at which Mother's rights were severed. Mother concedes that "she was served with the Termination Motion and the Notice of Hearing through her counsel," and that she "communicated with the DCS case manager on August 31, 2017," showing that she was able to maintain contact during the proceedings.

¶20 Mother argues the court erred because it failed to clarify whether her counsel mailed her a notice of the termination motion or hearing at the inpatient facility at which she resided, and on which date counsel emailed Mother. We first note that Mother never states that she did not actually receive notice; she only states that the record is unclear whether she did, facts peculiarly within her knowledge. Second, a parent is obligated to maintain contact with counsel. *Hackin v. First Nat'l Bank of Ariz., Phx.*, 5 Ariz. App. 379, 385 (1967). Mother did not maintain contact. Nor did she prove a valid reason why. *Monica C. v. Ariz. Dep't of Econ. Sec.*, 211 Ariz. 89, 95, ¶ 27 (App. 2005) ("The burden of proof, in a fundamental error setting, is on the complaining party."). Third, Mother's counsel stated he mailed Mother a copy of the Form 3 to her last known address and sent her an email letting her know the date and time of the initial severance hearing set for October 4. And although DCS disclosed to Mother's counsel that Mother may have been in an inpatient treatment facility on October 3, one day prior to the hearing, DCS stated Mother had been in contact with DCS by email, and therefore should have had access to notice of the hearing date.

¶21 For the foregoing reasons, we hold that Mother has not demonstrated error occurred or that she was prejudiced by the alleged error. Although Mother claims these supposed errors prejudiced her case, she does not present evidence controverting the court's findings such that a reasonable fact-finder could have reached a different result.

¶22 Finally, Mother claims her counsel abandoned her, was inadequate, and that such inadequacy prejudiced her. In other words, she contends her counsel was ineffective.[3] To prevail on her claim, Mother

---

[3] Arizona courts have not explicitly decided whether a claim of ineffective assistance of counsel may justify relief in a termination proceeding. *See John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 322-24, ¶¶ 8-12 (App. 2007). Here, we assume without deciding that Arizona law

must demonstrate that counsel's representation fell below prevailing norms, and were sufficient to undermine confidence in the outcome of the proceeding, giving rise to a reasonable probability that, but for counsel's errors, the result would have been different. *John M. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 320, 324, 325, ¶¶ 13-14, 18 (App. 2007).

**¶23** Mother claims her counsel abandoned her, but a review of the record reveals that, while counsel requested to be withdrawn at the outset of the October 4 hearing, counsel advocated on her behalf after his request was denied. Mother claims her counsel failed to ask for a further continuance, but ignores the fact she failed to appear at the three previous hearings and failed to respond to, or keep in contact with, her counsel. Mother claims counsel was inadequate because he was unaware of her whereabouts until one day prior to her hearing, at which point he discovered she may have been in an inpatient facility. But Mother never shows prejudice. She points to no documentation or evidence that she would have presented if she had been able to challenge the court's good cause determination. Nor does she cite to any evidence she would have presented at the hearing had she appeared. Despite Mother's claim that the record does not reveal with exact specificity when counsel notified Mother of the hearing, counsel stated he notified Mother of the hearing and DCS stated Mother's counsel provided Mother with notice of the hearing. Based on the record, Mother fails to show counsel's representation fell below prevailing norms, and further fails to show how counsel's actions prejudiced her.

**CONCLUSION**

**¶24** For the foregoing reasons, we affirm the superior court's order terminating Mother's parental rights to L.S.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

would permit relief based on a claim of ineffective assistance of counsel. *Id.* at 325, ¶ 17.